## LANGBEIN et al. v. SCHNEIDER.

(*Seventh District Court of New York City.* April 7, 1891.)

.LIABILITY OF HUSBAND FOR NECESSARIES FOR WIFE—COUNSEL FEES IN SUIT FOR DI-
VORCE.

Professional services rendered to a wife by an attorney, relative to a contemplated suit by her for a separation from her husband, are necessaries, for the reasonable value of which the husband is liable, though the parties became reconciled before the service of papers instituting the suit.

Action by George F. Langbein and others against August Schneider to recover for advice given and professional services rendered as attorneys to defendant's wife, relative to the institution of an action by her against defendant for a separation. Before the service of papers in such action the parties became reconciled. Judgment for plaintiffs.

*Langbein Bros. & Langbein,* (*J. C. Julius Langbein,* of counsel,) *in pro. per.*

A wife has an irrevocable agency, so long as the marriage continues, to ·pledge the husband's credit for her necessaries. 1 Bish. Mar. & Div. § 551; Id. § 403. Where the necessaries have been furnished, the only questions for consideration are the husband's failure to provide suitably for his wife's support, and whether what was furnished were necessaries. *Cromwell* v. *Benjamin,* 41 Barb. 558; *Supervisors* v. *Budlong,* 51 Barb. 493. It is no answer ·to the party furnishing the necessaries that an action of divorce was pending ..at the time, unless alimony had been allowed. *Johnstone* v. *Allen,* 6 Abb. Pr. (N. S.) 306, 3 Daly, 43. Where a wife has separated from her husband, the burden of proof is on the party furnishing the necessaries to show that he ·furnished them; that they were necessaries; that the husband failed or refused to furnish them, or means to procure them; and that the wife had no means of her own to procure them; that her separation was for justifiable · cause on her part; and, generally, that the credit was originally given to the husband. *Harttmann* v. *Tegart,* 12 Kan. 177; *McCutchen* v. *McGahay,* 11 . Johns. 281; *Sturtevant* v. *Starin,* 19 Wis. 268; *Cany* v. *Patton,* 2 Ashm. 140; *Porter* v. *Bobb,* 25 Mo. 36; *Reese* v. *Chilton,* 26 Mo. 598; *Mitchell* v. *Treanor,* 11 Ga. 324; *Walker* v. *Simpson,* 7 Watts & S. 83; *Keller* v. *Phil-ips,* 40 Barb. 390; Schouler, Dom. Rel. p. 93, note 5; *Ross* v. *Ross,* 69 Ill. 569; *Rea* v. *Durkee,* 25 Ill. 503; *Bevier* v. *Galloway,* 71 Ill. 517; *Catlin* v. *Martin,* 69 N. Y. 393; *Minck* v. *Martin,* 54 N. Y. Super. Ct. 136; *Goodale* v. *Lawrence,* 88 N. Y. 520. The courts in this country have decided that where the wife has left the husband without just cause the husband is not liable. *Bevier* v. *Galloway,* 71 Ill. 517; *Morgan* v. *Hughes,* 20 Tex. 141; · *Oinson* v. *Heritage,* 45 Ind. 73. Where she has left him for just cause, with no provision for her support, the husband is liable, but the burden of proof is ··on the wife. *Hultz* v. *Gibbs,* 66 Pa. St. 360; *Thorne* v. *Kathan,* 51 Vt. 520; *McCutchen* v. *McGahay,* 11 Johns. 281. Where they are living separate and . apart, with proper provision for her support, he is not liable. *Walker* v. *Simpson,* 7 Watts & S. 83; *Crittenden* v. *Schermerhorn,* 39 Mich. 661; *Cany* v. *Patton,* 2 Ashm. 140; *Blowers* v. *Sturtevant,* 4 Denio, 46. In England the law is the same. *Etherington* v. *Parrot,* 1 Salk. 118; *Watson* v. *Threlkeld,* 2 Esp. 637; *Ryan* v. *Sams,* 12 Q. B. 460; *Johnston* v. *Sumner,* 3 Hurl. & N. 261; *Eastland* v. *Burchell,* 3 Q. B. Div. 433; 47 Law J. Q. B. 500; *Bird* v. *Jones,* 3 Man. & R. 121; *Edwards* v. *Towels,* 5 Man. & G. 624. What . are necessaries in law, and can or. have they been extended to a case of the kind at bar? We contend that they have, both in this country and England, ànd that the decisions and authorities are founded on reason, common sense, and justice. The husband is liable for necessaries furnished to the wife, such . as food, drink, clothing, washing, physic, instruction, a suitable place of resi- · dence, with such necessary furniture as is suitable to her condition in·life.

1 Pars. Cont. 296; *Mohney* v. *Evans*, 51 Pa. St. 80; *Mott* v. *Grunhut*, 8 Daly, 544; *Keller* v. *Phillips*, 39 N. Y. 351; *Arnold* v. *Allen*, 9 Daly, 198; *Wharton* v. *Mackenzie*, 5 Q. B. 606; *Brooker* v. *Scott*, 11 Mees. & W. 67; *Hultz* v. *Gibbs*, 66 Pa. St. 360; 2 Smith, Lead. Cas. 364; *Ray* v. *Adden*, 50 N. H. 82; *Raynes* v. *Bennett*, 114 Mass. 428; *Hunt* v. *De Blaquiere*, 5 Bing. 550; *Shelton* v. *Pendleton*, 18 Conn. 417. Services of an attorney, rendered to an infant in defending him in bastardy proceedings, are necessaries for which, if it was reasonable for him to defend, he is liable on an implied promise. *Barker* v. *Hibbard*, 54 N. H. 539. It would be a cruel rule if a wife could not, if her husband fail to provide for her, make a binding agreement for necessaries, whether articles to be purchased or professional help. *Carstens* v. *Hanselman*, 61 Mich. 427, 28 N. W. Rep. 159. Counsel fees are necessaries to a wife who has been deserted by her husband, for advice given by attorney as to how she should deal with tradesmen who were pressing her for pay; and the husband is liable for such services. *Wilson* v. *Ford*, L. R. 3 Exch. 63; *Conant* v. *Burnham*, 133 Mass. 503. Necessaries may consist of legal services. *Baylis* v. *Watkins*, 10 Jur. (N. S.) 114; *Williams* v. *Fowler*, Mc-Clel. & Y. 269. Whenever it is necessary for a wife's safety to enter complaint against her husband for a breach of the peace, the legal costs of the proceedings may be recovered against him by action. A husband is liable to an attorney for such charges upon the ground that the services were necessaries furnished to the wife for her protection. *Morris* v. *Palmer*, 39 N. H. 123. An expense incurred for the protection and safety of a wife by an attorney, raises an implied promise on the part of the husband to pay the same. *Shepherd* v. *Mackoul*, 3 Camp. 326; *Town of Rumney* v. *Keyes*, 7 N. H. 571; 2 Kent, Comm. 130, etc.; *Bolton* v. *Prentice*, 2 Strange, 1214. "It is as important that her person be protected from brutal outrage and violence as that her necessary food and clothing should be supplied. Both are for her preservation, and her husband should be as much bound to fulfill her contracts in one case as in the other. * * * The husband may commit such outrages upon his wife's person, or by his threats and violent conduct place her in such personal peril, that assistance and protection shall become her most pressing necessity, and it would be extraordinary if the same just principle which allows her in such a case to supply her wants at the cost of her husband should refuse her legal aid under similar circumstances at his expense." EASTMAN, J., in *Morris* v. *Palmer*, 39 N. H. 126. See *Brown* v. *Ackroyd*, 34 Eng. Law & Eq. 214. A wife has authority to pledge her husband's credit for the costs of a divorce suit, where there are reasonable, as well as where there are absolute, grounds for instituting the suit. *Keegan* v. *Smith*, 5 Barn. & C. 375, citing *Grindell* v. *Godmond*, 5 Adol. & E. 755; *Shepherd* v. *Mackoul*, 3 Camp. 326. The wife has an implied authority to pledge her husband's credit, in respect to advice by an attorney as to a suit for restitution of her conjugal rights, her dealings with tradesmen, etc. *Wilson* v. *Ford*, 37 Law. J. Exch. 60; Cas. at Com. Law, pt. 2, p. 60. A husband is liable for attorney's fees rendered to his wife in instituting and conducting a suit for divorce on her behalf against her husband. *Sprayberry* v. *Merk*, 30 Ga. 81; *Glenn* v. *Hill*, 50 Ga. 95. And see *Morris* v. *Palmer*, 39 N. H. 123; *Johnson* v. *Williams*, 3 G. Greene, 97; *Shelton* v. *Pendleton*, 18 Conn. 417; *Williams* v. *Monroe*, 18 B. Mon. 518; *Wing* v. *Hurlburt*, 15 Vt. 607; *Coffin* v. *Dunham*, 8 Cush. 404; *Dorsey* v. *Goodenow*, Wright, 120. Legal expenses are deemed necessaries when the conduct of the husband has rendered them necessary for the personal protection and safety of the wife. *Morrison* v. *Holt*, 42 N. H. 478, citing *Morris* v. *Palmer*, 39 N. H. 126; Clancy, Husb. & Wife, 52. The authority of the wife is implied because of the marital relation, and depends upon the necessity of her protection as a wife. *Morrison* v. *Holt*, 42 N. H. 478. While an attorney cannot recover for services rendered to the wife in a divorce suit for adultery, he may in an action for separation. *Morrison* v. *Holt*, Id. 478. In

the former case the husband could not be chargeable, because procuring or preventing a dissolution of the marriage is not within the sphere of marital protection. 2 Bish. Mar. & Div. § 389. A husband is liable for the services of the wife's attorney for services rendered to her in proceedings by her against the husband for a breach of the peace on the ground that such services were necessary for her protection. *Morris* v. *Palmer*, 39 N. H. 123. See *Shepherd* v. *Mackoul*, 3 Camp. 326. If the husband proceed against his wife to compel her to find sureties of the peace, she may charge him with the legal services needful for her defense. *Warner* v. *Heiden*, 28 Wis. 517; *Barker* v. *Hibbard*, 54 N. H. 539. If the conduct of the husband is such that she must necessarily resort to the services of an attorney for her safety and protection in order to preserve life and limb, to protect herself or her health, then the necessity exists, and the attorneys can recover for their services from the husband. See *Shepherd* v. *Mackoul*, 3 Camp. 326; *Shelton* v. *Pendleton*, 18 Conn. 417; *Morris* v. *Palmer, supra; Smith* v. *Davis*, 45 N. H. 566, and cases cited. *Phillips* v. *Simmons*, 11 Abb. Pr. 287, is not in point, the judge holding that while an action of divorce is pending a wife may, in a proper case, obtain an order that her husband furnish her with means to carry it on; but, when the wife is plaintiff in such an action, and has either discontinued it or been defeated, and judgment has been rendered against her, neither she nor her attorneys or counsel can have any claim upon him for the costs or expenses of her fruitless and probably causeless prosecution. *Catlin* v. *Martin*, 69 N. Y. 393, is not in point. In that case the wife refused to live with her husband, who was able and willing to provide for her. Neither is *Anderson* v. *Cullen*, (Com. Pl. N. Y.) 8 N. Y. Supp. 643. The doctrine there held is the well-known one that a husband is not liable for moneys loaned to the wife to buy necessaries, for the reason that money, as such, is not a necessary; and, to the same effect, see *Knox* v. *Bushell*, 3 C. B. (N. S.) 334, and *Walker* v. *Simpson*, 7 Watts & S. 88. Judgment should be in plaintiffs' favor for the full amount.

*Kohn & Ruck*, (*William J. Lippman*, of counsel,) for defendant.

During the whole time of the rendition of the services the husband and wife lived together under the same roof, and he supported her and his family. Under the common law, and before the so-called "enabling acts," husband and wife were, in law, one person, and she could make no valid contract. The wife had implied authority to pledge her husband's credit for such things only as fell within the domestic department, ordinarily confided to the wife's management, and were necessary and suitable to the style in which her husband chose to live. While the law in such cases makes her the husband's agent to order such things as are reasonable and necessary for herself, it gives her no authority to pledge his credit beyond what is reasonably necessary. The common-law cases uniformly hold that, where the commodities are furnished to the parties living together, such only can be recovered as are merely household necessaries, and that for all others there must be an expulsion by the husband, or separation, combined with a failure to provide for the wife. The common-law liability continues in this state, modified by the "married woman's acts" or "enabling acts." There is no case in this state in which attorney's fees are held to be necessaries furnished. The old English cases hold that it is necessary to show that the husband had ejected the wife from their home, and left her unprovided. See *Shepherd* v. *Mackoul*, 3 Camp. 326; *Williams* v. *Fowler*, McClel. & Y. 269; *Brown* v. *Ackroyd*, 5 El. & Bl. 819; *Rice* v. *Shepherd*, 12 C. B. (N. S.) 332. In these cases, to render the husband liable, it was held necessary to show that the husband had either deserted his wife, and left her without means, or had expelled her from his home, unprovided for. At that time there was no statute allowing counsel fees in matrimonial actions. There have been no cases since decided on this

point. In this state it is necessary, in order to make the husband liable to show either that the husband and wife lived together, and the articles furnished were commodities, or that, being separated, the husband had failed to make suitable provision for his wife. In all the cases cited in Johnston's and Barbour's Reports the wife had separated from the husband with good cause, and without any provision being made for her. In the later Reports we find the law laid down as follows: While living together, a wife is deemed the husband's agent for the purchase of necessaries for the family, as groceries. *Mott* v. *Grunhut*, 8 Daly, 544. If he, living separate from her, supplies her wants in a reasonable manner, a person furnishing her with necessaries does so at his own risk, and cannot hold him therefor. *De Long* v. *Baker*, 9 Wkly. Dig. 315. See, also, *Catlin* v. *Martin*, 69 N. Y. 393. The contention that an attorney may recover fees for services rendered to the wife on the same principle that a physician may recover for his services, is untenable. A physician's services, in case of illness, are as much a necessary as food or clothing; but it seems impossible to put an attorney's services, hostile to the husband's interest, in the same category. The case of *Anderson* v. *Cullen*, (Com. Pl. N. Y.) 8 N. Y. Supp. 643, seems to be controlling. In this case the court, after reviewing the law on the subject, holds that a husband cannot be held liable for moneys advanced to the wife to purchase necessaries. Numerous decisions have been rendered by the supreme court, superior court, and court of common pleas at special term, in actions for divorce or separation, where the parties had, after suit brought, come together, and the attorney refused to continue without payment of his costs, and the courts have invariably compelled such discontinuance. In the case at bar the parties were living together. The plaintiffs accepted the wife's retainer, knowing this fact, and knowing that defendant was supporting his wife, and that she had money in bank. The husband can only be held liable for household commodities, and for nothing else. Had husband and wife been separated by the fault of the husband, and had he failed to provide for her, plaintiffs might possibly have had a cause of action; but, as they were living together, and he provided for her, the husband incurred no liability to the plaintiffs whatsoever, and the complaint should be dismissed, with costs.

McKEAN, J. This is rather a novel case, and there are evidently no reported cases in this state on the point involved. I have read over the evidence, together with the briefs and points of both counsel, very carefully. The law is no doubt well settled that a wife has an implied agency to bind her husband for her necessaries when he fails to supply them. The English cases cited uphold plaintiffs' contention, and the two Georgia cases are strongly in their favor. I cannot well disregard them, and feel justified in following them. Under the evidence in this case I think the plaintiffs are entitled to judgment.