ROBERT WELBORN, *Appellant,* v. DEBORAH WELBORN, *Appellee.*

A decree unconditionally dismissing an equity cause brought by a wife against her husband for divorce, alimony and suit money, made upon application of the wife in vacation, under authority granted by sec. 1407, Rev. Stats., can not be set aside and the cause reinstated upon application of the wife's solicitor at or after the expiration of a subsequent term of the court upon

mere motion, even though such dismissal was without the consent of the solicitor, and might for that reason be held to be erroneous.

This case was decided by Division B.

Appeal from the Circuit Court for Dade county.

The facts in the case are stated in the opinion of the court. ,

*Chillingworth & Currie* for appellant.

No appearance for appellee.

CARTER, P. J.—On April 11, 1901, appellee filed her bill in the Circuit Court of Dade county against appellant praying for divorce, alimony and suit money, including counsel fees. The court appointed a special master to take testimony as to defendant's ability to pay alimony and suit money, who recommended an allowance for temporary alimony and the sum of $125 attorney's fee for complainant's solicitor. Thereafter defendant filed his demurrer to the bill and exceptions to the Master's report, but before either was heard the complainant in person filed with the clerk a præcipe to dismiss the cause. On June 29th, 1901, the judge of the court at chambers entered an order unconditionally dismissing the cause upon complainant's præcipe. At the next term of the court in December, 1901, complainant's counsel filed a motion to reinstate the cause alleging as grounds therefor that the dismissal was had upon complainant's request without the knowledge and consent and against the consent of her counsel, and that the master's report ought to have been confirmed and complainant made to settle with counsel before the cause was dismissed. On February 10th, 1902, the court in vacation granted the motion and reinstated the cause. Thereafter defendant filed his answer to the bill and complainant's

counsel filed exceptions thereto. On May 5, 1902, the court entered a final decree which purports to have been made at the hearing of a motion to confirm the master's report. The decree recites that the complainant had settled the case with defendant; that defendant had paid her certain sums in lieu of the alimony allowed by the master; that she had dismissed all claims for alimony; that the only question to be considered related to a proper allowance for attorney's fees to be paid by defendant to complainant's counsel and adjudges that the master's report so far as it relates to attorney's fees to be paid complainant's counsel be confirmed; that defendant pay said attorney $125, and that upon payment of said sum and costs the suit should stand dismissed. From this decree defendant entered his appeal.

The only assignment of error necessary to be considered is that which questions the order reinstating the case. This order was made after the adjournment of a subsequent term upon motion, and not upon a rehearing or bill of review. The motion was made by counsel for his own benefit, and not to obtain any relief for the complainant. The assignment of error is well taken. When the court entered the order unconditionally dismissing the cause it lost jurisdiction over the cause and the parties, and it could not reassume jurisdiction at or after the adjournment of a subsequent term by mere motion. The order of dismissal was made at chambers under authority granted by section 1407, Rev. Stats., which provides that "The Circuit Courts sitting in chancery shall always be open for the issuing and return of process, making, hearing and deciding motions, presenting, arguing and deciding upon petitions, granting injunctions and passing interlocutory and final decrees and orders. And all action in said matters in vacation shall have the same force and effect as if done in term time." If the order dismissing the cause had been made in term time, it could not have been set aside at a subsequent term upon motion (*Myrick v. Merritt,* 21 Fla. 799; *Forcheimer v. Tarble,* 23 Fla. 99, 1 South. Rep. 695), and under the

statute quoted the same force and effect must be given to the order, though made in vacation.  If it was clear that the court erred in dismissing the cause upon complainant's request, without the knowledge and consent of her counsel and without decreeing payment of attorney's fees as alleged in the motion to reinstate, that error could not be corrected by a reinstatement of the case upon mere motion at a subsequent term.  *Thompson v. Thompson,* 3 Head (Tenn.) 527.

The order reinstating the cause and all subsequent orders and decrees are reversed.  The appellant will be taxed with the costs of this appeal.

Maxwell and Cockrell, JJ., concur.

Taylor, C. J., and Hocker and Shackleford, JJ., concur in the opinion.