MARGARET MAY KIDDLE, APPELLEE, V. ELMER J KIDDLE, APPELLANT.

FILED NOVEMBER 14, 1911.  No. 16,545.

1. **Husband and Wife: SUIT FOR MAINTENANCE: ALLOWANCE OF ATTORNEY'S FEES.** It is the settled rule in this court that in a suit by a wife for separate maintenance, or for alimony alone, the court may at any time during the pendency of the suit make allowance to the wife of a reasonable sum as suit money, including attorney's fees, to be paid by the husband as the court may direct.

2. ———: ———: ———: PENDENCY OF SUIT. And by the term "during the pendency of the suit" is meant any time from the commencement of the suit until and including the final order of dismissal of the same.

3. ———: ———: ———. And the fact that after the employment of counsel and the commencement by them of such suit, and prior to the entry of such allowance, the parties to such suit become reconciled does not oust the court of its authority to make such allowance.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE.  *Affirmed.*

*McKenzie, Howell & Cox,* for appellant.

*H. S. Daniel* and *John A. Moore, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Douglas county for separate maintenance for herself and the minor children of plaintiff and defendant, and for the custody of such children; and from an order allowing her $200 as attorney's fees, to be taxed as costs in the case, defendant appeals.

The petition was filed June 17, 1909. On the same day an application for the allowance of the attorney's fees in question was filed, and on the next day notice was given defendant that the same would be called for hearing on June 22. At the request of defendant the hearing was continued and was not had until July 22. After defendant obtained the continuance, and before the hearing, he and his wife became reconciled and resumed their marital relations. Notwithstanding such reconciliation the court made the allowance above noted. The suit was not dismissed until January 12, 1910, when, upon the motion of defendant, it was dismissed *nunc pro tunc* as of July 31, 1909, the date of entry of the order of July 22, 1909. Defendant now urges that such reconciliation deprived the court of authority to make the allowance complained of. To permit the defendant to obtain a continuance of the hearing upon the application for attorney's fees until he could bring about a reconciliation with his wife, and then interpose such reconciliation as a ground for defeating the application, would be so contrary to every dictate of justice that such permission would never be granted by a court of equity, unless compelled to do so by some statute or rule from which

there is no escape.  Fortunately, no such statute or rule exists in the present case.

Upon the general proposition that no allowance can be made for past services, nor after a reconciliation, counsel cite *Beadleston v. Beadleston,* 103 N. Y. 402; *McCarthy v. McCarthy,* 137 N. Y. 500; *Reynolds v. Reynolds,* 67 Cal. 176; *Loveren v. Loveren,* 100 Cal. 493; *Lacey v. Lacey,* 108 Cal. 45; and *McCulloch v. Murphy,* 45 Ill. 256. In the Illinois case it is said: "Moreover, although in our state divorces are easy of attainment, yet it is the duty of the courts to promote, as far as possible, a peaceful adjustment of these difficulties." We think it is just as much the duty of the courts to compel honesty and fair dealing on the part of a man who has had trouble with his wife, as it is to promote a peaceful adjustment of his marital difficulties. We think the reasoning of Mr. Chief Justice Cole in *Sumner v. Sumner,* 54 Wis. 642, is probably nearer the mark, viz.: "It may be a salutary admonition to him to govern himself and regulate his conduct in future, if he is required to pay the amount adjudged by the court below."

As opposed to the authorities cited by defendant, we have *Fullhart v. Fullhart,* 109 Mo. App. 705, 83 S. W. 541; *Courtney v. Courtney,* 4 Ind. App. 221, 30 N. E. 914; *Sprayberry v. Merk,* 30 Ga. 81; *Langbein v. Schneider,* 16 N. Y. Supp. 943; and *Davis v. Davis,* 141 Ind. 367. In *Sprayberry v. Merk, supra,* the closing paragraph of the opinion reads: "As to the settlement which took place in this case between the husband and wife, after she had got the services of her counsel, it is scarcely necessary to remark that the counsel, after having acquired a right to compensation for his services by rendering them at the request of the wife, could not be *settled* out of that right by arrangement to which he was no party." In *Courtney v. Courtney, supra,* it is held: "Under Rev. St. 1881, sec. 1042, which vests in the court, 'pending a petition for divorce,' power in its discretion to require the husband to pay such sum as will enable the wife to prepare her

case for trial, an order may be made requiring him to pay her attorneys for services already rendered, although the parties become reconciled, and the action is dismissed." (30 N. E. 914.) In *Fullhart v. Fullhart, supra,* it is held: "Where a wife instituted a suit for divorce, and, prior to the hearing of a motion for temporary alimony and attorney's fees, became reconciled to her husband, and resumed matrimonial relations, she was nevertheless entitled to suit money to compensate the attorney whom she had employed for the services rendered." (83 S. W. 541.) In the opinion, it is said: "We know of no principle of law by which a woman, who has a meritorious cause of action for divorce employs an attorney to institute and prosecute such an action, can, after it has been instituted and carried on for some time, deprive him of his right to compensation for the services so rendered in that action by a reconciliation with her husband, followed by a resumption of cohabitation. It would seem that upon the clearest principles of common honesty, as well as law, an attorney in such a predicament ought to be compensated for the services rendered, and that the wife should be allowed suit money for that purpose." The reasoning of the cases above cited appeals to us as eminently sound, and more in harmony with the holdings of this court upon questions of divorce and separate maintenance than that contained in the New York, California and Illinois cases above cited.

Counsel for defendant urge that in an action like the one at bar "the court does not act as a court exercising general chancery jurisdiction, but derives such powers as it has solely from the statute," and cite *Aldrich v. Steen,* 71 Neb. 57, and *Cizek v. Cizek,* 69 Neb. 800. We do not see how that question arises in this case. The question involved here is the power of the court to make an allowance in favor of the wife for attorney's fees after there has been a reconciliation, or to make such an allowance for services which have been already rendered.

Section 12, ch. 25, Comp. St. 1911, provides: "In every suit brought, either for a divorce or for a separation, the court may in its discretion require the husband to pay any sum necessary to enable the ,wife to carry on or defend the suit during its pendency." By the term "during its pendency" is meant any time from the commencement of the suit until and including the final order of dismissal. *Brasch v. Brasch,* 50 Neb. 73. The order in this case having been made before, or at least at the time, and as a part of, the final order of dismissal, the fact that the allowance was for services which had theretofore been rendered in the case, and the further fact that there had been a reconciliation of the parties, are alike immaterial. The power of the court to order the payment of suit money in the suit of a wife for separate maintenance is fully sustained in *Earle v. Earle,* 27 Neb. 277; *Cochran v. Cochran,* 42 Neb. 612; *Rhoades v. Rhoades,* 78 Neb. 495; *Brewer v. Brewer,* 79 Neb. 726; *Sample v. Sample,* 82 Neb. 37; and *Hoon v. Hoon,* 82 Neb. 688. That the sum allowed was reasonable is not denied.

The question discussed in the last paragraph of appellee's brief is not before us, and cannot be considered.

AFFIRMED.