**R. HENRY BALDWIN, v. MERCEDES FOSTER BALDWIN**

18 So. (2nd) 681            June Term, 1944
June 23, 1944               Division A

*E. M. Baynes,* for appellant.

*W. H. Mizell,* for appellee.

BUFORD, C. J.:

The appeal brings for review an order allowing attorneys' fees which was entered in a proceeding for divorce but after reconciliation between the parties. The record shows that prior to the entry of the decree complained of the Court had adjudicated that the plaintiff's wife was entitled to decree for temporary alimony and attorneys' fees.

After reconciliation was affected between the parties attorneys for plaintiff petitioned for an allowance of attorneys' fees for services rendered prior to reconciliation and in support of same presented affidavits of counsel. Appellant moved to dismiss the petition setting up the fact of reconciliation between the parties. The Court denied the motion to dismiss the petition and referred the same to a Master to take testimony and make and report findings. On report of testimony taken the master's report says:

"Based on the record in this case and the testimony taken before me, I find that a reasonable fee to be allowed to the plaintiff Mercedes Foster Baldwin, for the services rendered by her attorneys is the sum of seven hundred and fifty ($750.) dollars and recommended the same to the Court as a reasonable fee to be allowed said plaintiff."

Appellant filed exceptions to master's report and motion to strike affidavits in support of claim for attorneys' fees.

On final hearing the chancellor entered his order, saying: "This cause came on to be heard upon the petition for the

allowance of solicitors' fees, the evidence submitted before the special master on said petition and the report and findings of the said special master, the exceptions to the special master's report filed by counsel for each party, and upon the motion to strike certain affidavits from the record, said motion filed before me at said hearing. After argument of counsel for the respective parties herein, and the Court being fully advised of its judgment to be entered in the premises, thereupon,"

"It Is Ordered, Adjudged and Decreed as follows:

"1. The motion to strike be and the same is hereby denied, the special master having announced at the hearing before him that he did not consider the said affidavits.

"2. That the exceptions filed to the special master's report be and each of them are hereby denied.

"3. That the defendant be and he is hereby ordered to pay into the registry of the court within five days from receipt of a copy of this order by his attorney, for the use and benefit of the solicitors of record for the plaintiff the sum of $750.00 which the Court finds as a reasonable fee for the services rendered to the plaintiff by said solicitors in said cause."

As hereinbefore stated the chancellor had before the occurrence of the reconciliation, determined that the plaintiff was entitled to receive from defendant temporary alimony and fees for her solicitors.

The fees here involved were based upon services rendered in the proceedings prior to reconciliation.

In this connection see Bell v. Bell, 214 Ala. 573, 108 So. 375; Kiddle v. Kiddle, 90 Neb. 248, 133 N. W. 181.

We find no reversible error reflected by the record and the decree is affirmed.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.