137 So.2d 873 (1962)
Virgil D. HADLOCK, Appellant,
v.
Donna E. HADLOCK, Appellee.
No. 2543.
District Court of Appeal of Florida. Second District.
February 14, 1962.
*874 Elting L. Storms, Melbourne, for appellant.
Howard N. Pelzner, Miami, and Irving H. Propper, Cocoa Beach, for appellee.
SMITH, Judge.
Donna E. Hadlock, the appellee, filed her complaint for divorce against the appellant, Virgil D. Hadlock. The husband answered and counterclaimed for divorce. There then followed interlocutory orders for temporary alimony, attorney's fees and suit money in favor of the wife, all of which the husband paid. Before the hearing on the merits, the parties became reconciled and resumed their marital relations, whereupon the wife, by her attorney, filed a motion setting forth the reconciliation and praying for dismissal of the cause both as to her complaint and the husbands counterclaim. The court granted the motion, but specifically retained jurisdiction to determine the costs and reasonable attorney's fees to be allowed to the wife's attorney. Subsequently, upon motion of the wife's attorney, the court entered an order awarding the wife's attorney a reasonable attorney's fee in an amount in addition to that previously awarded and paid, together with certain items of cost, which the husband was ordered to pay. The husband appeals from the latter order.
The question for our determination is whether or not, after notice to the court of reconciliation of the parties, the court in a divorce action may dismiss the cause as to the divorce and retain jurisdiction to proceed further to subsequently order the husband to pay his wife's attorney's fees and costs.
The husband maintains that in a divorce suit where the parties have abandoned the suit, condoned their offenses, and resumed their marital relations, such action operates to end the litigation, and it cannot be continued by counsel for the complaining spouse and that the reason for this is that to permit the action to continue for such a purpose would be a violation of public policy. He cites 3 Fla.Jur., Attorneys at Law, § 64; 5 Am.Jur., Attorneys at Law, § 185; 7 C.J.S. Attorney and Client § 231(3); and Welborn v. Welborn, 1904, 47 Fla. 348, 36 So. 61. Examination of these authorities discloses that this appears to be the position of the majority of the authorities and that Welborn, supra, is cited as authority for the general statement of law in Florida. A careful study of the opinion in Welborn discloses that the question there resolved was whether the court could enter an order unconditionally dismissing a divorce suit and after the expiration of the term of court and in a subsequent term enter an order reinstating the cause and awarding attorney's fees. The Supreme Court held that when the lower court entered the order unconditionally dismissing the cause, it lost jurisdiction over the cause and the parties, and it could not resume jurisdiction at, or after the adjournment of a subsequent term by mere motion. Therefore, Welborn does not determine our question.
There is a decided division of authority on the question. A rather exhaustive annotation is set forth in 45 A.L.R. 941 which is supplemented in 67 A.L.R. 442. In this connection, it should be noted that the annotator places Florida in the list of states supporting the majority of the authorities and cites Welborn.
The position of the authorities permitting the continuance of a divorce suit for allowance of attorneys fees is well stated in Kiddle v. Kiddle, 1911, 90 Neb. 248, 133 N.W. 181, 36 L.R.A.,N.S., 1001, as follows:
"* * * `We know of no principle of law by which a woman, who has a meritorious cause of action for divorce and employs an attorney to institute and prosecute such an action, can, after it has been instituted and carried on for some time, deprive him of his right to compensation for the services so rendered in that action by a reconciliation *875 with her husband, followed by a resumption of cohabitation. It would seem that upon the clearest principles of common honesty, as well as law, that an attorney in such a predicament ought to be compensated for the services rendered, and that the wife should be allowed suit money for that purpose.' * * *"
Our question has been answered in Florida in the affirmative. We have examined the file in Baldwin v. Baldwin, 1944, 154 Fla. 624, 18 So.2d 681. In that case there was a complaint by the wife and an answer and counterclaim by the husband. The court entered an order for temporary attorney's fees and costs. Then a stipulation was filed in the cause by the parties reciting that they had become reconciled and were now living together as man and wife and agreeing that an order be entered dismissing the cause. A few days later, a petition for allowance of attorney's fees and costs was filed by the attorney for the wife reciting that the parties had become reconciled and were now living together. The husband filed his motion to dismiss the petition based upon the fact that the petition and stipulation showed a reconciliation and, therefore, the court was without jurisdiction to proceed further in the cause. The court entered an order in which it discussed the principles of law involved, but found that even after reconciliation the court could make an award in favor of the attorney in the exercise of its sound discretion and denied the motion to dismiss and subsequently entered an order directing the husband to pay the wife's attorney's fees and costs in an amount in addition to those previously ordered and paid. Thus, it may be seen that the facts in the instant case are identical in every material respect with the facts in Baldwin, supra.
Appellant contends that the fee awarded was excessive, but the record here does not contain all of the testimony upon which the court fixed the amount of the fee. For this reason, we cannot determine that matter.
Affirmed.
SHANNON, C.J., and ALLEN, J., concur.