158 So.2d 808 (1963)
Margaret S. TURNIPSEED, Appellant,
v.
Wilson Perry TURNIPSEED, Jr., Appellee.
No. E-294.
District Court of Appeal of Florida. First District.
December 10, 1963.
*809 N. Alfred Winn, St. Petersburg, for appellant.
Harvey R. Klein, Miami, for appellee.
STURGIS, Chief Judge.
This suit for separate maintenance was finally dismissed when the parties became reconciled. The decree of dismissal also denied a motion of the plaintiff to assess the defendant husband with all costs and expenses incurred by plaintiff in the prosecution of the suit and in defending against his counterclaim for divorce, together with a final fee for the services of plaintiff's attorney in said cause. The assignments of error relate exclusively to the denial of said motion and this appeal is prosecuted in the interest of N. Alfred Winn, Esq., plaintiff's attorney in this cause.
Upon rendition of said decree plaintiff's attorney pro se filed a petition for rehearing in respect to that part thereof denying said motion for assessment of costs, expenses and attorney's fees. In an order denying said petition the chancellor recognized the rule in Hadlock v. Hadlock, 137 So.2d 873 (Fla.App. 1962), whereby the courts in the exercise of a sound discretion may assess a fee in a suit of this nature to be paid by the husband for the legal services rendered by the wife's attorney. The chancellor observed that the subject of the petition for rehearing had been adjudicated by the final decree in the manner deemed proper under the circumstances. Following the appeal, the purpose of which is to review the final decree, counsel for appellant duly filed assignments of error and directions to the clerk for making up the record on appeal. Subsequent transactions give rise to a motion of the appellant, which we now consider, praying: (a) that we direct the trial court to approve as correct a post-decretal pleading prepared by counsel for appellant, entitled "Summary of Testimony," which purports to set out certain "pertinent facts presented to the [trial] court by stipulation and agreement" of the parties to the cause at the hearing pursuant to which the decree appealed was entered; (b) that we direct the clerk of the trial court to include said pleading in the record on appeal; and (c) that the time for filing of appellant's brief be extended "until a reasonable time after the accomplishment of the matters" sought by the foregoing prayers of the motion.
It appears that the defendant moved the trial court to strike two items of plaintiff's directions to the clerk for making up the *810 record, one calling for inclusion of certain pages from a deposition taken of the defendant and the other for inclusion of certain interrogatories addressed to the defendant and the answers given thereto. When that motion came on to be heard the appellant first presented to the trial court a pleading entitled "Summary of Testimony" (being the same as the document prepared by him and attached to plaintiff-appellant's motion before this court) and moved the trial court to approve said pleading as correctly stating the facts recited therein. The trial court entered an order granting defendant's motion to strike said directions to the clerk and denying plaintiff's said motion, which order deals at some length with the circumstances surrounding entry of the decree appealed.
It reflects that prior to entry of the decree appealed the chancellor cautioned counsel for all parties of the possibility of an appeal from any ruling made on plaintiff's motion for fees, costs and expenses, informed them that the court reporter was available, and suggested that any agreements, stipulations or testimony be reported; that thereupon counsel for both parties stated that the matters to be presented involved the court's discretion, that they deemed an appeal would likely be useless, and each declined to have the hearing reported; that an impromptu discussion then took place between the chancellor and said attorneys and it was decided that he would entertain their oral presentation of facts and hear their contentions thereon; and accordingly no sworn testimony was tendered or taken before the court. The order further reveals that the depositions and interrogatories sought by appellant's directions to the clerk to be included in the record on appeal were not offered in evidence, read or considered by the court, that no written exhibits were offered or received in evidence, and that the final decree herein was based entirely upon oral unsworn statements of fact made at said hearing by the attorneys for the respective parties.
Said order further reveals that plaintiff's attorney, upon presenting the motion to approve the so-called "Summary of Testimony," exhibited a paper which contained a partial summary of the facts presented at the final hearing (this being the above mentioned "Summary of Testimony") and requested opposing counsel to sign and agree to same as correct; that the same was read by the chancellor; that he recalls each item mentioned therein and also recalls numerous other statements of fact made by said attorneys and considered by him in arriving at the decision expressed by the decree appealed; that
"Counsel for the plaintiff persistently requested the court and counsel for the defendant to advise him or add to the summary any other facts before the court which the court considered in arriving at its decision, but which both the court and counsel for the defendant declined to do."
The chancellor expressed the view that if it is incumbent on the lower court to make up a record similar to the old bill of exceptions in common-law cases, to serve where the attorneys have failed to have the case reported and are unable to agree upon the contents of the record, the requirement should be spelled out by an appropriate act or rule prescribing the procedure to be followed. He observed and we agree that there is no present method prescribed for the preparation of a record on appeal by the lower court under the conditions existing in this case.
There is little variance between the unchallenged findings of fact in the decree appealed and the alleged facts as set out in appellant's so-called "Summary of Testimony." The facts alluded to in both documents are as follows:
(1) The decree recites that the defendant husband's assets consisted of two automobiles of small value and stock in three corporations providing annual dividends of $2,500.00; that the value of the stock was not established and that it is subject to an *811 existing indebtedness of $16,500.00. Plaintiff's "Summary of Testimony" lists the stock as consisting of 15 shares of Turnipseed Motor Company, a Florida corporation, 10 shares of Pensacola Motor Company, Inc., a Florida corporation, and 10 shares of B. Goldman, Inc., a Florida corporation; states that the annual income therefrom is approximately $2,500.00; says that "it was reported" that defendant had pledged said stock as collateral for loans totaling $16,500.00; lists the automobiles as a 1958 Mercedes Benz, worth approximately $2,000.00, and a 1959 Buick, worth approximately $1,200.00; and adds an asset of clothing and miscellaneous personal effects of the value of approximately $2,000.00.
(2) The decree recites that defendant had previously been employed by his father at a salary of $500.00 per month, but that he was then unemployed, and that his last employment was as a car salesman on a commission basis for which he received $40.00 for three weeks work. Plaintiff's "Summary of Testimony" recites that approximately three weeks before the hearing on plaintiff's motion for assessment of fees, costs and expenses the defendant had quit or been fired from a job yielding a net salary of $400.00 per month, and was "reported" to have earned only approximately $40.00 in the preceding three weeks as a car salesman and was unemployed at the time of the hearing.
(3) The decree reflects that plaintiff's attorney received from the defendant $100.00 as a temporary attorney's fee. Plaintiff's "Summary of Testimony" recites that the defendant had been ordered to pay such fee but is silent as to whether payment was made.
(4) The decree recites that $346.00 court costs had been spent, over $300.00 of which was for the taking and transcribing of depositions and fees for service of witnesses; that $258.24 had been spent by plaintiff's attorney personally for transportation between St. Petersburg and Ocala; and acknowledged that plaintiff's attorney contended, on the basis of the hours of labor spent, that a reasonable fee for his legal services to plaintiff would be $2,317.00. Plaintiff's "Summary of Testimony" recites that said items of $258.24 and $346.00 were incurred by plaintiff's attorney in plaintiff's behalf, and that he had devoted more than 92.7 hours of legal services in plaintiff's behalf, which calculated at the rate of $25.00 per hour would have aggregated a reasonable fee of $2,317.50 on a time basis; that defendant's attorney conceded to the court that plaintiff's attorney should be paid something in the premises and suggested $200.00 as a final attorney's fee; and that it was stipulated and agreed that no expert testimony need be adduced to support the allowance of a reasonable fee for his legal services in the premises.
The decree appealed made certain findings of fact that are not alluded to in plaintiff's "Summary of Testimony":
(1) That plaintiff's attorney had a contingent fee arrangement with plaintiff whereby he was to receive 40% of any financial settlement between the parties arrived at as a result of said suit, and that a $5,000.00 offer of settlement was made by defendant in the course of the litigation but was refused by plaintiff who demanded $60,000.00. The chancellor cogently observed that a contingent fee as here involved had the potential of being highly lucrative and that one of the hazards to such a fee arrangement in a case involving marital difficulties is that the parties may become reconciled, a result favored by the courts.
(2) That in addition to the item of $100.00 received pursuant to order of court by plaintiff's attorney from the defendant on account of legal fees in representing plaintiff, he received $300.00 on that account directly from the plaintiff and that she had not sought reimbursement thereof.
(3) That the amount paid to plaintiff's attorney was sufficient to pay all court costs. (Note: The chancellor was here apparently *812 referring exclusively to court costs totaling less than $400.00 laid out in and about plaintiff's case and defense, but excludes the asserted expense item of $258.24 claimed by plaintiff's attorney primarily for his travel expense between his office in St. Petersburg and the court headquarters in Ocala.)
We have set out at length the factual matters reflected by the record, out of which arises the dilemma of appellant's attorney in his effort to supply this court with missing facts or admissions that were supposedly considered by the chancellor in entering the decree appealed. We conceive that under slightly different circumstances his objective might have been accommodated. See the quotation from Moyer v. Moyer, infra.
The compelling fact in the case on appeal is that appellant's attorney was timely admonished by the chancellor not only that the court reporter was available but that there existed a possibility that an appeal might be sought to review the disposition he was called on to make of appellant's motion for assessment of costs, expenses and attorney's fees. Having determined to proceed as he did and having delayed a period of approximately five months from the date of the decree appealed before applying for relief in the premises, said attorney is not entitled at this late date to compel the record to be implemented by the means which he adopted and pursues by the motion here pending. Appellant's said motion is therefore denied. We wish to make it clear, however, that such denial is not to be construed as holding that the trial courts are without power to establish or implement the record for appeal purposes, so as to establish material facts before the court, in those instances where the justice of the cause so requires.
There is also pending and we now consider a motion of the appellee under Florida Appellate Rule 3.9, subd. b, 31 F.S.A. to quash this appeal on the ground that it is frivolous. The basis for the motion is: (a) that the matter of granting attorney's fees in a suit for separate maintenance is discretionary with the chancellor; (b) that appellant knowingly failed to preserve a record of the proceedings pertaining to his claim for attorney's fees; and (c) that this court cannot review rulings based on evidence before the chancellor in the absence of a record of such evidence. The record discloses fairly debatable issues subject to review herein and the motion is denied.
The power vested in the chancellor to grant or withhold attorney's fees must be exercised in keeping with sound judicial discretion. The failure of counsel for appellant to preserve a record of that part of the proceedings pertaining to his claim for attorney's fees does not preclude him from demonstrating error, if any, apparent on the face of the available record, including the recitations of fact contained in the orders and decrees forming a part of that record.
Considering the record as a whole, the inference is inescapable that failure to have the proceedings stenographically reported was due to a praiseworthy effort of the attorneys for both plaintiff and defendant to avoid additional expense, and that such was induced in part because they were in substantial agreement as to the salient facts controlling plaintiff's motion to assess her costs, expenses and attorney's fees against the defendant. The record is devoid of any indication that at the hearing on final decree counsel for defendant took exception to the findings of fact recited in that decree.
In McFarlin v. McFarlin, 75 So.2d 580 (Fla. 1954), the Florida Supreme Court sustained the denial of an attorney's fee for the wife in a suit for separate maintenance where it appeared that she had a net worth in her own right of approximately $100,000. It was there held, however, that the chancellor is authorized under F.S. section 65.10, F.S.A., to grant attorney's fees in such suit (Abbe v. Abbe, 68 So.2d 565 (Fla.); Holly v. Holly, 81 Fla. 881, 89 So. 132; Warren v. Warren, 73 Fla. 764, 75 So. 35, *813 L.R.A. 1917E, 490) and that under this section counsel fees may be granted or withheld by the chancellor in the exercise of sound judicial discretion, citing Thompson v. Thompson, 86 Fla. 515, 98 So. 589; and further held that the same is true under F.S. section 65.09, F.S.A., citing Condon v. Condon, 117 Fla. 98, 157 So. 177.
Moyer v. Moyer, 114 So.2d 638 (Fla.App. 1959), is a case in which the record on appeal contained only the pleadings in the case. The Third District Court of Appeal, Pearson, J., affirmed on the ground that the court was unable to determine the propriety of the award to which error was assigned without reference to the evidence before the chancellor, citing Hall v. Davis, 106 So.2d 599 (Fla.App. 1958), and Greene v. Hoiriis, 103 So.2d 226 (Fla.App. 1958). Although not necessary to the decision, the court pointed out that appellant urged as an extenuating circumstance for his failure to bring a proper record that no court reporter was present at the time of the taking of the testimony; and commenting thereon said that it is not in keeping with the orderly processes of law that there should be a time when an appeal is impossible because a court reporter was not employed by one of the parties. While that situation is not analogous to the case now on review, we wish to announce that our conclusion on appellant's motion applies strictly to the facts in this case, and that we are in accord with the following excerpt from the opinion in the cited case:
"We point out first that a stenographic transcript of the testimony is not necessary for an appeal. Rule 3.6(h), Florida Appellate Rules, 31 F.S.A., not only provides for the use of narrative statements of the testimony, but frankly endeavors to encourage such simplified appeals. Good lawyers are reasonable men. As officers of the court they are interested in aiding both the trial and appellate courts in an orderly and expeditious disposition of the cases before them. Experience demonstrates that practicing lawyers place their personal honor far above the interest of any client. Therefore, they will often find occasions when agreement may be reached upon a narrative statement of the testimony although no stenographic record is available.
"There are undoubtedly occasions where even the most fair-minded protagonists cannot agree upon a statement of the testimony which was not reported. The legislature has provided a method for the inclusion of a statement of testimony by recital in an order of of the court. [F.S. Section 59.15(4), F.S.A.] Cf. Cleary Bros. Const. Co. v. Phelps, 156 Fla. 461, 24 So.2d 51. See also Vliet v. Anthony, 119 Fla. 638, 160 So. 663, 664, which although decided under a procedure no longer followed contains the following statement of law which is still applicable:
"`* * * It is the duty of a court a quo to perfect its records in a case being appealed, in order that the final record taken to the appellate court by means of a transcript of it may truly reflect there the record of what was acted upon in the court a quo * * *.'"
In Hadlock v. Hadlock, 137 So.2d 873 (Fla.App. 1962), it was held, on the basis of an examination of the file in Baldwin v. Baldwin, 154 Fla. 624, 18 So.2d 681 (1944), and following the rule in Kiddle v. Kiddle, 90 Neb. 248, 133 N.W. 181, 36 L.R.A.,N.S., 1001 (1911), that where the parties to a divorce action become reconciled the cause may be dismissed as to the divorce action and permitted to continue for allowance of attorney's fees. We agree.
Accordingly, the motions under consideration herein are severally denied.
CARROLL, DONALD K., and RAWLS, JJ., concur.