351 So.2d 394 (1977)
PEACOCK CONSTRUCTION COMPANY, a Florida Corporation, Appellant,
v.
Henri P. GOULD and Sarah Gould, Husband and Wife, Appellees.
No. 77-85.
District Court of Appeal of Florida, Second District.
November 4, 1977.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant.
Harry A. Blair, P.A., Fort Myers, for appellees.
RYDER, Judge.
In this appeal appellant/plaintiff Peacock Construction Company attacks various particulars of a final judgment which foreclosed appellant's mechanics' lien on certain real property owned by appellees/defendants, but denied attorney's fees to appellant and denied appellant's breach of contract claim for damages (lost prospective profits). The only point requiring discussion is the final judgment's denial of any attorney's fees to appellant which we reverse and remand. In all other respects, the final judgment is affirmed.
Count I of appellant's complaint sought to foreclose its mechanics' lien on appellees' real property in the amount of $6,395.81. Appellees answered and raised as an affirmative defense that the lien sought to be foreclosed by appellant was fraudulent, as defined in Section 713.31(2), Florida Statutes *395 (1975). Appellees also filed a counterclaim against appellant for cancellation of the allegedly fraudulent lien.
Following trial by the court, final judgment was entered in favor of appellant/plaintiff, awarding recovery of the full amount sought by appellant on its lien, together with interest and costs, but awarding no attorney's fees. Appellant contends that the trial court erred in denying attorney's fees to it, since it was clearly the "prevailing party" within the meaning of Section 713.29, Florida Statutes (1975), which provides:
"In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
Appellees make a two-fold counterattack. First, no court reporter was present at the hearing on attorney's fees, and consequently there is no transcript of what transpired. Appellees contend that, absent a record of the hearing, this court has no choice but to affirm the denial of any attorney's fees.
Appellant responds to this preliminary issue by saying the fact that the fee hearing was not reported does not preclude appellate review in the instant case because the error is apparent on the face of the present record. We agree with appellant. The question presented is purely a legal one (the merits of which will be discussed momentarily), not a factual question requiring a review of conflicting evidence. Our examination of the record available to us reveals several items which bear on the propriety, or lack thereof, of the trial court's denial of attorney's fees to appellant. These items include the pleadings, the final judgment itself, a memorandum of law filed by counsel for appellees after the fee hearing at the request of the trial court,[1] and the transcript of the hearing on appellant's motion for rehearing.
In this regard the First District Court of Appeal stated in Turnipseed v. Turnipseed, 158 So.2d 808 (Fla.1st DCA 1963):
"The failure of counsel for appellant to preserve a record of that part of the proceedings pertaining to his claim for attorney's fees does not preclude him from demonstrating error, if any, apparent on the face of the available record, including the recitations of fact contained in the orders and decrees forming a part of that record." 158 So.2d at 812.
We now reach the merits of the trial court's denial of attorney's fees to appellant. The record discloses that appellant presented expert testimony at the hearing on attorney's fees that a reasonable fee was $2,500.00. The expert witness, attorney William Keyes, testified that the figure of $2,500.00 included services rendered by appellant's attorney both in the foreclosure of appellant's claim of lien and also in defense of appellees' counterclaim for cancellation of said lien. Attorney Keyes further testified that he could not break down the attorney's fees between the work done on the counterclaim and the lien foreclosure.[2]
We thus confront the second prong of appellees' argument in support of the denial of any attorney's fees to appellant. Appellees assert that the terms of Section 713.29, Florida Statutes (1975), quoted above, provide for recovery of a reasonable attorney's fee only "(i)n any action brought to enforce a lien under part I of this chapter ..." Since appellant's witness testified that he could not break down his estimate of fees between the enforcement of appellant's lien and the defense of appellees' counterclaim, then that testimony is fatally defective and appellant can recover no attorney's fees whatsoever. With this conclusion, we cannot agree.
*396 Appellant clearly was the "prevailing party" within the meaning of the aforesaid statute in recovering the full amount of its lien. Furthermore, appellant prevailed as to the counterclaim brought by appellees to cancel the very lien which appellant sought to enforce. This counterclaim was brought on the ground that said lien was fraudulent, and appellees asserted that same ground as an affirmative defense to appellant's complaint for foreclosure of said lien. Therefore, it is our view that the legal services rendered by appellant's attorney in the successful defense of appellees' counterclaim were necessary to and, indeed, part and parcel of appellant's prevailing on its action for enforcement of its mechanics' lien. Thus, the facts, of the instant case differ in this vital respect from certain cases cited by appellees, including this court's decision in Jackson v. Hatch, 288 So.2d 564 (Fla.2d DCA 1974), holding that the prevailing party (in that case the defendant) could recover attorney's fees only with respect to the lien foreclosure aspect of the case and not for the separate claims surrounding in contract or quantum meruit.
Therefore, we believe that the trial court was presented with competent, substantial evidence relating to reasonable attorney's fees for services rendered by appellant's attorney in the mechanics' lien aspect of this case, and we hold that it was reversible error for the trial court to deny them to appellant as the prevailing party. In this respect we reverse and remand for further proceedings not inconsistent herewith. In all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed in part; and remanded.
BOARDMAN, C.J., and SCHEB, J., concur.
NOTES
[1] Appellees' memorandum of law contains a synopsis of what transpired at the fee hearing. We note that appellees do not now attempt to deny the accuracy of their factual synopsis.
[2] The expert witness also testified that his estimate of attorney's fees did not include the prosecution of the breach of contract count of the complaint, which the trial court determined adversely to appellant and which we affirm herein.