395 So.2d 1196 (1981)
Roderick KNOTT, Appellant,
v.
Marion Poston KNOTT, Appellee.
No. 80-251.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Rehearing Denied April 14, 1981.
*1197 Roderick Knott, in pro per.
Hersh & Bernstein and Brian R. Hersh, Betty Kessler, Miami, for appellee.
Before BASKIN and DANIEL S. PEARSON and FERGUSON, JJ.
BASKIN, Judge.
Roderick Knott, respondent in a dissolution of marriage proceeding, appeals an order entered by the trial court awarding attorneys' fees to his wife's former attorneys on the ground that the trial court lacked jurisdiction to enter the award following the parties' reconciliation and voluntary dismissal of the action. The attorneys have cross-appealed[1] challenging the amount of the award as inadequate. We affirm both orders.
Marion Poston Knott sought a dissolution of her marriage to Roderick Knott. The action was contested for many months and culminated in a hearing concluded on April 12, 1979. At that time, the court determined the parties' rights concerning child custody and property and orally approved a stipulation between the parties in which the husband agreed to pay half the wife's attorneys' fees and costs. The court specifically reserved jurisdiction to determine the amount of attorneys' fees at a later time. Although several proposed orders were prepared, none was signed by the court. The attorneys, Brian Hersh and Betty Kessler, were then discharged by the wife and permitted by the court to withdraw. The wife obtained new counsel. Hearings were held before a general master to determine the amount of reasonable attorneys' fees and costs. On December 6, 1979, the court announced its decision that reasonable attorneys' fees totaled $37,000 and ordered the husband to pay the wife's attorneys half of that amount, that is, $18,500. Half the costs were also taxed against the husband. A proposed order was submitted to the court, but on December 17, 1979, prior to the court signing the order, the husband and wife filed a joint stipulation of dismissal. Attorneys Hersh and Kessler filed a motion for contempt against the husband's attorney and a motion to strike and vacate notice of voluntary dismissal; both motions were denied. On January 9, 1980, the court entered its Order and Final Judgment of Temporary and Permanent Attorneys' Fees and Costs directing the husband to pay the wife's attorneys $18,500 and taxing costs amounting to $9,561.66 against the husband and in favor of the wife. The husband has appealed. The wife has filed no response to either appeal.
The husband contends that the voluntary dismissal filed by the parties upon their reconciliation deprived the trial court of jurisdiction to enter the order awarding attorneys' fees and costs. In addition, he argues that attorneys Hersh and Kessler lacked standing to seek attorneys' fees or to cross-appeal.
The question of standing has been determined by the enactment of Section 61.16, Florida Statutes (1979).
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorneys' fees, suit money and the costs to the other party of maintaining or defending any proceeding *1198 under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
The statute clearly provides that an attorney may enforce an order requiring a party to pay a reasonable amount for attorneys' fees and costs in his own name. The authorities cited in appellant's brief preceded the enactment of section 61.16 in 1971 and are inapplicable. The attorneys have standing to enforce their claim.
The husband's argument that the trial court was deprived of jurisdiction by the voluntary dismissal fails to persuade us for several reasons. First, the stipulation of dismissal does not refer to the rights of the attorneys provided in section 61.16. Thus, any rights inuring to the attorneys under section 61.16 survived the dismissal of the action between the parties. Furthermore, the trial court specifically reserved jurisdiction to entertain the previously filed motion for attorneys' fees. At the conclusion of the final hearing on April 12, 1979, the court inquired:
THE COURT: Have I omitted anything?
MR. HERSCH: I have a couple of questions to clarify insofar as my major items. I believe you have covered everyone of them, your Honor. You reserve a future hearing on the amount setting attorneys' fees and costs?
THE COURT: Yes, and you can work out whether you want to do that on the basis of an affidavit or live testimony or whatever.
Where the parties to a divorce action become reconciled, the cause may be dismissed as to the divorce action and permitted to continue for allowance of attorneys' fees. Baldwin v. Baldwin, 154 Fla. 624, 18 So.2d 681 (1944); Turnipseed v. Turnipseed, 158 So.2d 808 (Fla. 1st DCA 1963); Hadlock v. Hadlock, 137 So.2d 873 (Fla. 2d DCA 1962).
The trial court's determination that the husband pay half the wife's reasonable attorneys' fees was the result of an offer made by the husband and approved by the court. Although no binding stipulation remained in effect, the record discloses that the court evaluated the parties' circumstances and independently determined the proportionate amounts to be borne by each party, reserving the specific amount for later determination. The court's decision became valid and binding between the parties even though a written judgment had not been entered at that time. "However essential a filed writing to an appeal, a judgment may be valid although not in such final form as is required for appeal purposes." Becker v. King, 307 So.2d 855, 858 (Fla. 4th DCA), cert. dismissed, 317 So.2d 76 (Fla. 1975). The reduction to writing by the court of a previously entered order is a purely ministerial act and may be accomplished after jurisdiction to entertain new proceedings has terminated.
We reiterate that the determination of attorneys' fees in a dissolution proceeding is not a determination by the court of the amount due from a party to an attorney absent a charging lien. Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981); Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, 386 So.2d 1277 (Fla. 3d DCA 1980); Herold, P.A. v. Hunt, 327 So.2d 240 (Fla. 4th DCA 1976). The court decides only the amount by which one spouse indemnifies the other spouse. The attorneys retain the right to sue in an independent action on a contract with their client. Behar v. Root, supra; Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, supra. Indemnification, however, as a practical matter, may be the only way an attorney can obtain his fee.
We know of no principle of law by which a woman, who has a meritorious cause of action for divorce and employs an attorney to institute and prosecute such an action, can, after it has been instituted and carried on for some time, deprive him of his right to compensation for the services so rendered in that action by a reconciliation with her husband, followed by a resumption of cohabitation. It would seem that upon the clearest principles of common honestly, as well as law, that an *1199 attorney in such a predicament ought to be compensated for the services rendered, and that the wife should be allowed suit money for that purpose.
Hadlock v. Hadlock, supra, at 874 (quoting Kiddle v. Kiddle, 90 Neb. 248, 133 N.W. 181 (1911)).
For these reasons, we hold that the attorneys' right to enforce their claims for attorneys' fees in their own name survived the stipulation of dismissal filed by the parties. The court specifically reserved jurisdiction to determine a reasonable attorneys' fee, half of which was to be borne by the husband. We therefore affirm the Order and Final Judgment of Temporary and Permanent Attorneys' Fees and Costs.
We find no merit in the attorneys' arguments that the amount of their award was inadequate. The court heard expert testimony and arrived at a determination upon evaluation of all relevant factors. The award was within the discretion of the court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980). We therefore affirm the order entered by the trial court.
NOTES
[1] The husband's appeal is from the Order and Final Judgment of Temporary and Permanent Attorneys' Fees and Costs. The attorneys' appeal is from Order on Motion for Contempt and Motion to Strike and Vacate Voluntary Dismissal.