408 So.2d 677 (1981)
Kathleen N. IRWIN, Walden & Walden, and S. Robert Zimmerman, Petitioners,
v.
Honorable Paul M. MARKO, III, Respondent.
No. 81-1771.
District Court of Appeal of Florida, Fourth District.
December 30, 1981.
Rehearing Denied February 8, 1982.
Edna L. Caruso, West Palm Beach, for petitioners.
Robert Monas, Fort Lauderdale, for Kathleen N. Irwin and on behalf of Paul M. Marko, III.
Robert I. Shapiro of Shapiro & Leder, Miami, for William T. Irwin.
BERANEK, Judge.
This is a petition for mandamus seeking to require the trial court to exercise jurisdiction over the parties on the issue of the husband's obligation to pay attorneys' fees to counsel for the wife. The action was originally filed by the wife and an award of temporary attorneys' fees was entered. After a great deal of bitter litigation on both the trial and appellate levels, the wife acquired new counsel, and she and her husband filed a stipulation for dismissal reciting that they had settled the case. The stipulation for dismissal was filed June 16, 1981. At that point, two interlocutory appeals were pending before this court which eventually resulted in an opinion issued September 2, 1981. See Irwin v. Irwin, 402 So.2d 1353 (Fla. 4th DCA 1981). On the same day, September 2, 1981, this court also issued an order taxing attorneys' fees in the two separate interlocutory appeals and remanding the matter to the trial court for determination as to the amount of fees. The fees were assessed in favor of the wife and against the husband. Despite the fact that the parties had filed their stipulation for dismissal two and one-half months earlier, this court was not notified.
Immediately after the filing of the stipulation for dismissal, the wife's prior counsel filed a notice of lis pendens, a motion for injunction, a charging lien and a request for an equitable lien. All of these pleadings related to the husband's asserted obligation to pay counsel the fees previously assessed and to be assessed under our order of September *678 2, 1981, and a further pending, but undetermined, motion to fix attorneys' fees. In response to these pleadings, husband's counsel filed a motion to strike asserting the trial court was totally without jurisdiction in view of the stipulation for dismissal. By order of September 2, 1981, the trial court concluded it was without jurisdiction in view of the dismissal and granted the motion striking all of the pleadings of the wife's former counsel.
We conclude that the court's order was erroneous and that jurisdiction existed for the purpose of entering further orders regarding attorneys' fees. Initially, we note that the trial court certainly possessed continuing jurisdiction to enforce its own prior orders taxing attorneys' fees in favor of the wife's counsel. Section 61.16, Florida Statutes (1979), provides that "the court may order that the amount be paid directly to the attorney, who may enforce the order in his name." The prior award of attorneys' fees may be enforced in this action despite reconciliation of the parties and dismissal; it is totally vested and cannot be done away with without the consent of the attorney. We, therefore, conclude that the trial court erred in refusing to exercise further jurisdiction in this matter.
As to fees not yet assessed the cases decided on similar issues by other courts have not been totally consistent. Hayden v. Hayden, 373 So.2d 436 (Fla. 3d DCA 1979), relied upon Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), and held that the filing of an actual voluntary dismissal by one party resulted in a total absence of jurisdiction to further consider the question of attorneys' fees. The later case of Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA 1981), reaches an arguably contrary conclusion. The Third District there held:
The statute clearly provides that an attorney may enforce an order requiring a party to pay a reasonable amount for attorneys' fees and costs in his own name. The authorities cited in appellant's brief preceded the enactment of section 61.16 in 1971 and are inapplicable. The attorneys have standing to enforce their claim.
The husband's argument that the trial court was deprived of jurisdiction by the voluntary dismissal fails to persuade us for several reasons. First, the stipulation of dismissal does not refer to the rights of the attorneys provided in section 61.16. Thus, any rights inuring to the attorneys under section 61.16 survived the dismissal of the action between the parties... .
.....
Where the parties to a divorce action become reconciled, the cause may be dismissed as to the divorce action and permitted to continue for allowance of attorneys' fees. Baldwin v. Baldwin, 154 Fla. 624, 18 So.2d 681 (1944); Turnipseed v. Turnipseed, 158 So.2d 808 (Fla. 1st DCA 1963); Hadlock v. Hadlock, 137 So.2d 873 (Fla. 2d DCA 1962).
at p. 1198.
Under the Knott rationale, the trial court here should have allowed the attorneys to continue litigation of both the previously assessed fees and the fees that had been made the subject of prior pleadings but had not yet been fixed as to their amount. Although an attorney retains the right to sue his former client for fees, the question presented here is whether the attorney may pursue the former adversary in the litigation giving rise to the fees. We conclude that the Knott decision represents the appropriate view of the law and find that the trial court erred in refusing to exercise jurisdiction herein.
We, therefore, grant the writ of mandamus and remand for further proceedings regarding attorneys' fees.
MANDAMUS GRANTED.
DOWNEY and HURLEY, JJ., concur.