HERSEY, Judge.
These consolidated appeals arise out of an employment dispute between Vincent Finizio and the City of Boynton Beach (the City).
In April 1989 Finizio, an employee of the City, initiated an employee grievance procedure alleging unfair labor practices, after being suspended from work for half of one day. The Civil Service Board found in favor of Finizio, but the City refused to implement the Board’s recommendation. However, the City did not appeal the Board’s decision.
Finizio commenced legal proceedings, culminating in the two appeals under consideration. He initially sought mandamus, requesting that the City be forced to implement the Board’s recommendation, and he thereafter obtained a temporary injunction to prevent the City from hiring someone to replace him.
Case 91-2988.
The trial court enjoined any engineer to be hired by the City from performing the *75 duties that Finizio was currently performing. The City, on appeal, argues that (1) the injunction was improvidently granted, (2) it did not contain the specifics required by Florida Rule of Civil Procedure 1.610(c), and, (3) the bond of $100.00 was insufficient under the circumstances.
The requisites for issuance of a temporary injunction are well established. See, e.g., South Florida Limousines, Inc. v. Broward Co. Aviation Dept., 512 So.2d 1059 (Fla. 4th DCA 1987). One of the elements is that the applicant will suffer irreparable harm. We have held that the threat of loss of employment does not constitute irreparable harm. E.g. Dania Jai Alai Int’l v. Murua, 375 So.2d 57, 58 (Fla. 4th DCA 1979); City of Hallandale v. Inglima, 346 So.2d 84 (Fla. 4th DCA 1977); Florida Dep’t of Health & Rehabilitative Servs. v. Artis, 345 So.2d 1109, 1111 — 12 (Fla. 4th DCA 1977). Thus, we reverse Case 91-2988 on the basis of the impropriety of the injunction’s issuance, rendering moot the question of its contents and the amount of its bond.
Case 92-0572.
The trial court issued an alternative writ of mandamus requiring the City to comply with the recommendations of the Civil Service Board or to show cause for its refusal to do so. The court subsequently quashed the writ, finding that Finizio “fail[ed] to demonstrate the existence of a clear legal duty imposed upon the Defendants [the City] to implement the decision of the Civil Service Board on October 10, 1989. The Plaintiff has failed to show that he has a legal right to the performance sought to be enforced.” We disagree with this holding and reverse case 92-0572.
The charter of the City of Boynton Beach provides with regard to proceedings of the Civil Service Board that “its decision ... shall be final_” § 72.12(h), Boynton Beach City Charter. No appeal was taken by the City from the Board’s findings and recommendations. We find no merit in the City’s argument that suspensions of less than six days do not come within the jurisdiction of the Board. In any event, such argument was not preserved by an appeal and comes too late in these proceedings.
We hold that the alternative writ was properly issued and thus improperly quashed, and we reverse. This renders the jurisdictional question also raised by Fini-zio moot.
REVERSED AS TO BOTH APPEALS; REMANDED.
POLEN, J., and DOWNEY, JAMES C., Senior Judge, concur.