PER CURIAM.
This is an interlocutory appeal from a non-final order granting a motion for a temporary injunction. Sun Bank of Tampa Bay sought the injunction in connection with proceedings supplementary to enforce a judgment against Peter G. Fernandez, Eva C. Fernandez, and Practice Management Associates, Inc. The judgment amount was $1,846,869.64, of which approximately $1,100,000, remains unsatisfied. The appeal is brought by Xavier J. Fernandez, P.A., who is not a party to the judgment nor to the proceedings supplementary wherein other parties and entities were impleaded. The appellant challenges the injunction which prohibits the transfer of assets allegedly belonging to the judgment debtors. He raises several issues. We reach only the first issue and reverse.
*1107 On September 6, 1995, the trial court entered a temporary injunction against the judgment debtors, impleaded parties, and the appellant, Xavier J. Fernandez, P.A. Inasmuch as the appellant was a non-party, he contends the injunction may not run against him. Although acknowledging that injunctions may bind non-parties under certain circumstances, the appellant argues there was no basis upon which to find these circumstances in his case. See Dad’s Properties, Inc. v. Lucas, 545 So.2d 926, 929 (Fla. 2d DCA 1989) (An injunction binds non-parties who are identified with parties in interest, in privity with them, represented by them, or subject to their control). We reverse because the trial court’s order enjoining the appellant does not conform to its oral pronouncement expressly declining to enjoin non-parties.
Although the trial court’s written order enjoins the appellant, the following transpired at the hearing:
MR. ROSS: Excuse me, Your Honor. Are you enjoining non-parties?
THE COURT: No. I’m enjoining the people who have been impled in this action from taking any further assets from anybody in here that is accused of being a transferor in this fraudulent transfer.
The appellant was not among the people impleaded into the proceedings supplementary-
Reversal is required where the final judgment is inconsistent with the trial court’s oral pronouncements. Ulano v. Anderson, 626 So.2d 1112 (Fla. 3d DCA 1993) (citing, inter alia, Mahaffey v. Mahaffey, 614 So.2d 649 (Fla. 2d DCA 1993)). We therefore reverse the injunction as to the appellant and remand for further proceedings. In light of this decision, the remaining issues become moot, and we do not address them.
Reversed and remanded.
THREADGILL, C.J., and SCHOONOVER and QUINCE, JJ., concur.