674 So.2d 928 (1996)
C. Pfeiffer TROWBRIDGE, Appellant,
v.
Patricia W. TROWBRIDGE, Appellee.
No. 94-3121.
District Court of Appeal of Florida, Fourth District.
June 12, 1996.
*929 Richard D. Kibbey of Kibbey & Barlow, Stuart, for appellant/cross-appellee.
Charles E. Steinberg of Charles E. Steinberg, P.A., Stuart, for appellee/cross-appellant.
DELL, Judge.
Appellant raises several points on appeal in support of his argument that the trial court erred when it entered a judgment ordering him to pay attorney's fees and costs incurred by appellee in her unsuccessful attempt to repudiate a mediation agreement. Appellant also argues that the trial court failed to award him attorney's fees incurred in defending the mediation agreement. Appellee cross-appeals contending the trial court erred in the manner in which it determined the amount of reasonable time expended by her attorney in seeking to set aside the mediation agreement. We need not address appellee's point on cross-appeal since we hold that the trial court erred when it awarded her attorney's fees. We also hold that the trial court did not abuse its discretion when it denied appellant's claim for attorney's fees.
On March 3, 1992, appellee filed a petition in Martin County, Florida for dissolution of her marriage to appellant. On March 24, 1992, pursuant to a standing order of the Domestic Relations Division in Martin County, the parties participated in mediation which resulted in a signed settlement agreement. A few days later, appellee acting pro se, filed a voluntary dismissal of the Martin County dissolution proceeding and thereafter, on April 1, 1992, refiled the action in Palm Beach County. On May 17, 1992, the Circuit Court in Palm Beach County granted appellant's motion to transfer the case back to Martin County. In the meantime, appellant had filed a motion, in Martin County, for uncontested dissolution of marriage and enforcement of the mediation agreement. In July of 1992, appellee filed an answer with six affirmative defenses and thereafter added two additional affirmative defenses and a counterclaim in which she sought either to set aside or rescind the mediation agreement.
On August 9th, 10th and 17th, the court conducted hearings on appellant's motion for an uncontested dissolution of marriage and enforcement of the mediation agreement. On December 3, 1993, the court entered a written order in which it found:
The Wife wanted freedom from the Husband and peace of mind. She did not want money from the Husband on a monthly basis....
....
The mediation lasted approximately five hours. There was a break for lunch. The atmosphere was not overbearing. No threats were made. The Wife wanted the marital home; the Husband offered it; the Wife accepted. The Wife knew this was a final settlement of this case. Ms. Goad [the Wife's attorney] instructed the Wife not to settle if she was not happy with the settlement. The mediator told the Wife that if she was not happy with the settlement she could have a trial.
The mediator dictated the settlement agreement for typing. Ms. Goad reviewed it with the Wife. It completely and accurately reflected the agreement. The Wife *930 signed freely and voluntarily. All participants signed it. The Wife knew it would result in an uncontested divorce.
....
The Husband has complied with the Mediation Agreement. The Wife has not.
....
Considering all of the facts, this Court cannot say that the agreement is unfair or unreasonable on its face. Even assuming the second prong of Casto had been met, there was a full, and frank disclosure to the Wife by the Husband before signing of the Mediation Agreement, and the Wife had a general and approximate knowledge of the character and extent of the marital property sufficient to obtain a value by reasonable means, as well as the general knowledge of the Husband's income.
(emphasis in original) (citation omitted).
On December 22, 1993, the trial court entered a "Final Judgment of Dissolution of Marriage and Order `Re: Wife's Motion for Additional Child Support Based Upon a Substantial Change of Circumstances....'" The trial court incorporated the mediation agreement "in its entirety" in the final judgment and granted appellee's motion to modify the health care insurance and child support provisions of the agreement. The trial court reserved jurisdiction to determine appellee's request for attorney's fees and costs relating to appellant's motion to enforce the mediation agreement and the petition for dissolution.
After a series of hearings beginning in January of 1994 and ending in September of 1994, the trial court granted the wife's motion for attorney's fees and awarded her the sum of $22,795.50 and costs in the amount of $3,199.75. The trial court denied appellant's motion for attorney's fees.
Appellant argues that the trial court erred when it failed to enforce the provision relating to attorney's fees after the mediation agreement had been approved by the court and incorporated into the final judgment of dissolution of marriage. He specifically challenges the imposition of attorney's fees in excess of the amount agreed upon in the mediation agreement[1]. There is no dispute that the husband paid the sum of $3,300 to appellee's attorney at the time of the signing of the mediation agreement.
Appellee argues that a husband's obligation to support his wife includes the obligation to pay attorney's fees, suit money and costs while the parties remain married. In support of her argument, she cites Belcher v. Belcher, 271 So.2d 7 (Fla.1972) and other cases, including Urbanek v. Urbanek, 484 So.2d 597 (Fla. 4th DCA 1986). In Belcher, the supreme court addressed the issue of whether a spouse, by a provision in a prenuptial agreement, can enforce a waiver of his or her future obligation to pay alimony, suit money or attorney's fees during a separation prior to dissolution of marriage. 271 So.2d at 9. The supreme court held:
This [waiver of alimony, suit money and attorney's fees] cannot be conclusively done for the period prior to dissolution. The contract provisions in this additional respect during separation, are to be given consideration but are to be considered together with all pertinent conditions of need, ability to pay and the current standard of living for support during the separation, until any later dissolution of marriage.
Id. at 10 (emphasis in original).
In Urbanek, this court disapproved of a provision for a setoff for sums paid by the husband to the wife under the terms of a prenuptial agreement and against temporary alimony or temporary attorney's fees incurred prior to the final judgment. 484 So.2d 597.
The law is well established that notwithstanding the provisions of a prenuptial or postnuptial agreement to the contrary, a spouse may be entitled to attorney's fees under section 61.16(1), Florida Statutes. *931 However, as stated in Blanton v. Blanton, 413 So.2d 453 (Fla. 5th DCA 1982):
As a general proposition, property settlement agreements between the husband and wife, made in contemplation of divorce are, in the absence of fraud, coercion, or overreaching, valid and binding on the parties and should be respected by the courts.
(citations omitted). See also Dean v. Dean, 655 So.2d 243 (Fla. 3d DCA 1995); Witt v. Witt, 568 So.2d 539 (Fla. 4th DCA 1990).
The trial court concluded in its order awarding the wife fees and costs that:
As much as the Former Husband would like to view this case otherwise, it is a dissolution of marriage under F.S. Chapter 61. Thus, the fee issue is governed by F.S. Section 61.16 and Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The Former Husband has the greater ability to pay and the Former Wife has the need. Thus, the remaining issue is how much should the Former Husband be required to pay.
The foregoing excerpt shows that the trial court did not consider the attorney's fee provision in the mediation agreement as a factor in determining appellee's entitlement to fees. The trial court reached this conclusion even though it made extensive findings supporting the validity of the agreement and failed to make any findings supporting appellee's attempt to repudiate the agreement.
Although mediation has become a widely accepted means of alternative dispute resolution, neither party has cited nor have we found cases addressing entitlement to attorney's fees incurred in an unsuccessful attempt to repudiate a mediation agreement. The supreme court has adopted extensive rules providing for mediation and the procedures to be followed during the course of such proceedings. Rule 1.730(b), Florida Rules of Civil Procedure, addresses the procedure to be followed in the event the parties reach an agreement[2] and Rule 1.730(c) provides for enforcement of the agreement.[3]
Mediation settlement agreements differ from traditional prenuptial and postnuptial agreements. Typically, the parties enter into prenuptial and postnuptial agreements without court supervision. Mediation agreements are reached under court supervision, before a neutral mediator. The mediation rules create an environment intended to produce a final settlement of the issues with safeguards against the elements of fraud, overreaching, etc., in the settlement process.
With the parties' execution of an agreement, mediation contemplates a prompt and final resolution of the case. The known finality of the mediation proceeding provides a basis for the parties to resolve issues of attorney's fees and costs and to include that resolution in the mediation agreement as the parties did in the case sub judice. On the other hand, without mediation, dissolution proceedings involving prenuptial or postnuptial agreements may necessitate protracted and expensive litigation to resolve the underlying issues related to those agreements. Therefore, the policy expressed in Belcher and related cases supports the award of attorney's fees in such cases based upon need and ability to pay. However, because mediation contemplates an immediate and final resolution of the dissolution proceeding, there is no corresponding policy reason to award attorney's fees to a party seeking to repudiate a final mediation agreement.
Here, the record and the trial court's findings confirm that the parties reached the agreement in conformity with the spirit and intent of the rules governing mediation. The record contains no evidence supporting the trial court's failure to enforce the terms of the attorney's fee provision or to modify those terms agreed to by the parties. We therefore reverse that part of the attorney's fees award and the costs related to appellee's *932 unsuccessful attempt to repudiate the mediation agreement.
However, it appears that appellee incurred some attorney's fees and costs in successfully obtaining a modification of the health care insurance and child support provisions. To that extent, we remand this case to the trial court with instructions to determine and award the amount of reasonable attorney's fees and costs incurred by appellee in the modification of these provisions. The trial court's previous award shall be adjusted to deduct from the award the amount of any attorney's fees and costs incurred by appellee in her unsuccessful attempt to set aside the mediation agreement.
Appellant also contends that the trial court erred when it denied his motion for attorney's fees incurred in the enforcement of the mediation agreement. He claims entitlement to fees pursuant to Rule 1.730(c), Florida Rules of Civil Procedure. The rule provides in part that "the court upon motion may impose sanctions ...." (emphasis added). We hold that the trial court did not abuse its discretion when it denied appellant's motion for attorney's fees. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Accordingly, we reverse the trial court's award of attorney's fees and costs to appellee and remand this cause for further proceedings consistent herewith. We affirm the final judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE, J., and KAHN, MARTIN D., A.J., concur.
NOTES
[1] The mediation agreement provided:

7. ATTORNEYS' FEES. The Husband agrees that he shall be responsible for the Wife's attorney's fees for a total amount of $3,300.00. Any attorney's fees over and above this amount shall be the Wife's responsibility to pay directly to her attorney. The Husband agrees that the total amount of $3,300.00 shall be paid immediately to the Wife's attorney upon the signing of this Agreement.
[2] Rule 1.730(b) provides in relevant part: "If an agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law with the parties' consent. If the agreement is not filed, a joint notice of dismissal shall be filed."
[3] Rule 1.730(c) provides in relevant part: "In the event of any breach or failure to perform under the agreement, the court upon motion may impose sanctions, including costs, attorneys' fees, or other appropriate remedies including entry of judgment on the agreement."