PARIENTE, J.,
concurring in result only.
I concur in the result reached by the majority and agree fully with Judge Alten-bernd’s opinion in Macar v. Macar, 779 So.2d 479 (Fla. 2d DCA 2000). The facts of Macar reveal that both parties were represented by counsel, that both parties engaged in extensive discovery, and that the trial court fully questioned the parties about the settlement agreement before the trial court entered a final judgment incorporating the settlement agreement. It was not until a third attorney appeared for the wife several months after the settlement agreement that the wife sought to set aside the settlement agreement. Thus, I would approve the reasoning in Macar because under these circumstances, I agree that the test set forth in Casto v. Casto, 508 So.2d 330 (Fla.1987), does not apply.[8]
However, I do not agree with the majority’s reliance on Crupi v. Crupi 784 So.2d 611 (Fla. 5th DCA 2001), because that case is factually dissimilar. Crupi involved a motion to set aside a mediated settlement agreement before the entry of the final judgment of dissolution, whereas Macar involved a motion to set aside a marital settlement agreement after the entry of the final judgment of dissolution.
Although I fully support alternative dispute resolution, which encourages parties to resolve their disputes in an expeditious, less expensive, and hopefully less emotionally draining manner than conventional litigation, the key element of an enforceable settlement agreement is full disclosure by both parties. I find Judge Sharp’s reasoning in her concurring in part and dissenting in part opinion in Crupi to be persuasive:
Mediation may occur shortly after the petition is filed and before discovery is complete. For example, in Trowbridge v. Trowbridge, 674 So.2d 928 (Fla. 4th DCA 1996), the wife filed a petition for dissolution on March 3rd and participated in mediation (which resulted in the settlement agreement) just three weeks later. And, Florida Family Rule 12.741(a) specifically provides that unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery. Because discovery may not complete by the time a mediated settlement agreement is reached, and it apparently was not in this case, [Note 3] I respectfully disagree that Petracca [v. Petracca, 706 *715 So.2d 904 (Fla. 4th DCA 1998)] is relevant or applicable to this case.
[Note 8] After the settlement was challenged, the trial judge felt it necessary to order an independent appraisal of the horse farm.
Crupi, 784 So.2d at 616 (Sharp, J., concurring in part and dissenting in part).
Therefore, although I agree with the result in Macar, I would limit today’s holdings to the facts of this case.
ANSTEAD, J., concurs.

. Motions seeking relief from judgment in family law matters are governed by Family Law Rule 12.540. This rule provides that the general provisions of Florida Rule of Civil Procedure 1.540 apply "except that there shall be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases.”