834 So.2d 413 (2003)
LAZY FLAMINGO, USA, INC., Appellant,
v.
Barry GREENFIELD and Island Endeavors, Inc., Appellees.
No. 2D01-4523.
District Court of Appeal of Florida, Second District.
January 17, 2003.
*414 Thomas R. Grady, Alberto A. Macia, and Scott A. Beatty of Grady & Associates, L.P.A., Naples, for Appellant.
Terrence F. Lenick, Bonita Springs, for Appellees.
NORTHCUTT, Judge.
At a mediation, Lazy Flamingo settled its claims against Barry Greenfield and Island Endeavors. When Greenfield and Island did not perform their part of the bargain, Lazy Flamingo moved to enforce the settlement agreement in circuit court. The court enforced the agreement but refused Lazy Flamingo's request for attorney's fees incurred in the enforcement action. That refusal is the subject of this appeal. We reverse the order denying fees and remand for further proceedings.
Lazy Flamingo claims entitlement to fees on three different bases: Florida Rule of Civil Procedure 1.730(c); section 57.105, Florida Statutes (2001); and an attorney's fee clause in the original contracts that gave rise to the underlying litigation. At the outset, we reject the last two grounds. We have reviewed the record and determined that the circuit court applied the correct standard when denying fees based on section 57.105. As for contractual fees, the circuit court correctly looked to the mediated settlement agreement, which was the contract at issue in this enforcement proceeding. The settlement agreement is a distinct contract, separate from the parties' underlying agreements. Cf. Croteau v. Operator Serv. Co. of S. Fla., 721 So.2d 386, 387 (Fla. 4th DCA 1998) (explaining that motion to enforce a settlement agreement is grounded on separate facts unrelated to the underlying complaint). Because the settlement agreement did not contain a provision for attorney's fees, the circuit court rightly refused to award fees based on contract. We hold, however, that rule 1.730(c) could provide a basis for an award of fees to Lazy Flamingo, and we remand for further proceedings on that issue.
Rule 1.730(c) provides that a court may impose sanctions, including attorney's fees, against a party who fails to perform under a settlement agreement reached in court-ordered mediation. When determining that fees could not be awarded under that rule in this case, the circuit court focused on the fact that it had not entered a written order requiring the parties to mediate the case. But the court acknowledged that "this case was mediated as the result of a directive order of this Court on September 19, 2000...." At a hearing on that date the court had commented, "I want you to begin the process of mediating this case." "I think it would be better for you to select your own mediators ... [b]ut I would like for them to do it in the next thirty days...." Thereafter, the parties agreed on a mediator and a date for the mediation. The parties completely resolved the controversy, and the mediator filed a report with the circuit court as required in rule 1.730(b).
In denying Lazy Flamingo's motion for fees under rule 1.730(c), the court recognized that it had "directed these parties to mediate," but did not think it could impose the sanction of attorney's fees because the rules of civil procedure addressing mediation required a written order of referral. Without such an order, the court *415 believed that the mediation did not comply with the rules, and thus, the sanction of attorney's fees could not be ordered pursuant to rule 1.730(c).
We disagree. Although entering a written order referring the parties to mediation is the customary, and likely the better, practice, rule 1.700(a) does not require a written order. As the court recognized, it had entered an oral order directing the parties to mediate. A court's oral order is valid and binds the parties even though a written order has not been entered. Knott v. Knott, 395 So.2d 1196, 1198 (Fla. 3d DCA 1981). Thus we hold that this was a court-ordered mediation under rule 1.700(a).
At the hearing on Lazy Flamingo's request for attorney's fees, the circuit court commented, "If this had been a court-ordered mediation, I would have awarded attorney's fees in this case." Because we have determined this was a court-ordered mediation pursuant to the mediation rules, we reverse the circuit court's decision and remand to allow it to reconsider its ruling. An award of sanctions under rule 1.730(c) is discretionary, and we offer no opinion about whether Lazy Flamingo should be awarded fees under the rule. See Trowbridge v. Trowbridge, 674 So.2d 928, 932 (Fla. 4th DCA 1996).
Affirmed in part, reversed in part, and remanded.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, Concur.