916 So.2d 952 (2005)
Tony ROMERO, Appellant,
v.
Carla ROMERO, Appellee.
No. 3D05-1124.
District Court of Appeal of Florida, Third District.
December 7, 2005.
*953 Patricia M. Silver, Boca Raton, for appellant.
Hershoff Lupino, and Jay A. Hershoff and Sandra Nabozny-Younger, Tavernier, for appellee.
Before COPE, C.J., and FLETCHER and CORTIÑAS, JJ.
CORTIÑAS, Judge.
This appeal arises out of post-dissolution proceedings wherein the circuit court entered a contempt order against the former husband, Tony Romero, for failure to pay previous court-ordered child support arrearages and for failure to pay further child support obligations pursuant to the final judgment of dissolution of marriage. The circuit court ordered Mr. Romero to pay a purge amount of four thousand dollars ($4,000) to the State of Florida Disbursement Unit on or before thirty (30) days from the date of the contempt hearing to avoid incarceration. The circuit court also ordered a writ of attachment for Mr. Romero's vehicle and ordered that the proceeds from the sale be applied to pay any liens on the vehicle with the balance going toward Mr. Romero's child support arrearages. The court's written order concluded that former wife, Carla Romero, was entitled to attorney's fees and that the court would reserve jurisdiction to determine the amount of attorney's fees and costs.
We affirm the circuit court's contempt order entered against Mr. Romero, but we reverse and remand those portions of the order which attached Mr. Romero's vehicle and awarded attorney's fees to Ms. Romero.
The transcript of proceedings before the circuit court demonstrates that *954 the court did not determine Ms. Romero's entitlement to attorney's fees. Instead, the record reflects that the circuit court, at the contempt hearing, ruled that it would continue the issues of attorney's fees and costs, including entitlement, until a later time in order to provide Mr. Romero with an opportunity to review Ms. Romero's financial affidavit. Since the written contempt order failed to conform to the circuit court's oral pronouncements, we reverse and remand the portion of the order dealing with attorney's fees to the circuit court to determine Ms. Romero's entitlement to attorney's fees. See Lazy Flamingo, USA, Inc. v. Greenfield, 834 So.2d 413, 415 (Fla. 2d DCA 2003)(citing Knott v. Knott, 395 So.2d 1196, 1198 (Fla. 3d DCA 1981)).
The record further indicates that the circuit court, during the contempt hearing, intended for Mr. Romero to purge the court's contempt by one of three methods: (1) paying a purge amount of four thousand dollars ($4,000); (2) surrendering his vehicle to the Sheriff's Office to be sold in accordance with law; or (3) serving a sentence of time if he is unable to purge the contempt by one of the above two methods within thirty (30) days of the contempt hearing. However, the circuit court's written contempt order required Mr. Romero to both surrender his vehicle and pay four thousand dollars ($4,000) to purge the contempt. Since the written contempt order failed to accurately reflect the circuit court's oral rulings, we reverse and remand to the circuit court. See id.
Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.