LAGOA, BARBARA, Associate Judge.
Appellant Dolgencorp, Inc. (“Dollar General”) appeals from the trial court’s entry of final judgment in favor of Appel-lee Winn-Dixie Stores, Ine.’s (“Winn-Dix-ie”) Count III for injunctive relief. Because we find that the trial court erred in granting injunctive relief, we reverse the trial court’s entry of final judgment as to Count III.
I. FACTUAL AND. PROCEDURAL HISTORY
The parties are former co-tenants at the Jensen Beach Plaza (“the Plaza”), a shopping center located in Martin County, Florida. In 1971, Winn-Dixie and the landlord’s predecessor entered into a written lease agreement for the operation of a grocery store.[1] Paragraph 28 of Winn-Dixie’s lease contains the following exclusive covenant:
Landlord covenants and agrees that the Tenant shall have the exclusive right to operate a supermarket in the shopping center and any enlargement thereof. Landlord further covenants and agrees that it will not directly or indirectly lease or rent any property located within the shopping center, or within 1000 feet of any exterior boundary thereof, for occupancy as a supermarket, grocery store, meat, fish or vegetable market, nor will the Landlord permit any tenant or occupant of any such property to sublet in any manner, directly or indirectly, any part thereof to any person, firm or corporation engaged in any such business without written permission of the Tenant; and Landlord further covenants and agrees not to permit or suffer any property located within the shopping center to be used for or occupied by any business dealing in or which shall keep in stock or sell for off-premises consumption any staple or fancy groceries, meats, fish, vegetables, fruits, bakery goods or frozen foods without written permission of the Tenant, except the sale of such items in [sic] not to exceed the lesser of 500 square feet of sales area or 10% of the square foot area of any storeroom within the shopping center, as an incidental only to the conduct of another business....
Paragraph 30 of Winn-Dixie’s lease further states:
This lease and all of the covenants and provisions thereof shall inure to the benefit of and be binding upon the heirs, legal representatives, successors and assigns of the parties hereto. Each provision hereof shall be deemed both a covenant and a condition and shall run with the land.
In 1985, Dollar General purchased the Eagle Family Discount chain (“Eagle”) and assumed the rights and obligations under Eagle’s 1971 lease at the Plaza shopping center. In 2002, Dollar General entered into a new, five-year lease with the Plaza’s landlord that expired on August 31, 2007. Dollar General’s lease did not reference the exclusive covenant in Winn-Dix- *327 ie’s lease and provided that Dollar General “may use the Demised Premises for any lawful purpose.”
In June of 2005, Winn-Dixie filed a five-count complaint against Dollar General and the landlord for violating the grocery exclusive covenant in Winn-Dixie’s lease. A non-jury trial was scheduled on Count III of Winn-Dixie’s complaint, which sought an order “both temporary and permanent ordering Dollar General to remove all merchandise necessary to comply with the Grocery Exclusive and prohibiting Dollar General from violating the Grocery Exclusive.”
Prior to trial, on December 19, 2006, Dollar General filed a motion for continuance advising the trial court that Dollar General would be permanently closing its operations by January 10, 2007, i.e., before the commencement of trial, and therefore the issue would be moot. The trial court denied Dollar General’s motion for continuance, and the trial began on January 11, 2007.
Following the trial’s conclusion, the trial court entered a final judgment in favor of Winn Dixie on Count III and entered a temporary and permanent injunction against Dollar General.[2] In its Amended Final Judgment, the trial court found that prior to the store’s closure, “Dollar General sold ‘groceries’ in excess of five hundred square feet of ‘sales area’ at its store in violation of Winn-Dixie’s grocery exclusive contained in its lease” with the landlord and that Winn-Dixie was “harmed by Dollar General’s violation of the grocery exclusive. ...” The trial court also rejected Dollar General’s defense of mootness based on the finding that its lease with the landlord had not expired as of the date of the trial and the Amended Final Judgment. This appeal ensued.
II. ANALYSIS
On appeal, Dollar General raises several issues including whether the trial court erred in granting Winn-Dixie’s claim for injunctive relief as the store in question had been permanently closed and the premises vacated.[3] In response, Winn-Dixie asserts that injunctive relief was necessary because Dollar General’s lease did not expire until August of 2007 and, therefore, Dollar General could have reopened the store or sublet the space for the remainder of the lease.
Injunctive relief is an extraordinary remedy. Broward County v. Meiklejohn, 936 So.2d 742, 746 (Fla. 4th DCA 2006). “Generally, injunctive relief is available to prevent a threatened harm but is not available to redress harm which has already occurred.” Speer v. Evangelisto, 662 So.2d 1340, 1341-42 (Fla. 2d DCA 1995). Accordingly, under Florida law, “ ‘an injunction will not be granted where it appears that the acts complained of have already been committed and there is no showing by the pleadings and proof that there is a reasonably well grounded probability that such course of conduct will continue in the future.’ ” Daniels v. Bryson, *328 548 So.2d 679, 681 (Fla. 3d DCA 1989) (quoting City of Jacksonville v. Wilson, 157 Fla. 838, 27 So.2d 108, 111 (1946)); see also Stephan Co. v. Faulding Healthcare (IP) Holdings, Inc., 844 So.2d 676 (Fla. 4th DCA 2003) (trial court abused its discretion in granting temporary injunction as conduct sought to be enjoined had ceased and no evidence existed that conduct would continue in the future); Quadomain Condo. Ass’n v. Pomerantz, 341 So.2d 1041, 1042 (Fla. 4th DCA 1977) (“[A]n injunction does not lie to prohibit an act which has already been committed.”).
In this case, although the trial court had found that there had been past violations, there was no finding or showing of a likelihood that the course of conduct would continue in the future. The issue was, as a practical matter, moot. Indeed, based upon the uncontroverted testimony, Dollar General’s store had ceased to operate, the merchandise and fixtures had been permanently removed, and no employees remained, there was no evidence to suggest that it would be feasible or likely for Dollar General to resume its business operations during that eight-month period remaining on the lease. Furthermore, the undisputed testimony established that Dollar General would not reopen the store or sublet the premises. Winn Dixie presented no evidence to contradict this testimony. The fact that eight months remained on Dollar General’s lease did not rise to a “reasonably well grounded probability” that Dollar General would reopen its store and continue the allegedly prohibited course of conduct.
Because we find that the trial court erred in granting injunctive relief, we reverse the trial court’s entry of final judgment on Count III of Winn Dixie’s complaint and remand for proceedings consistent with this opinion.

Reversed and Remanded for proceedings consistent with this opinion.

TAYLOR, J., concurs.
KLEIN, J., dissents with opinion.

. Winn-Dixie recorded a Short Form Lease in the Official Records for Martin County, Florida.

. Specifically, the trial court ordered the following:
DOLGENCORP, INC. is hereby temporarily and permanently ordered to remove from the Dollar General store that it operates pursuant to its lease with [the landlord], at the Jensen Beach shopping center, all merchandise necessary to bring DOLGEN-CORP, INC. in compliance with the grocery exclusive contained in WINN-DIXIE'S lease with [the landlord],

. Because we find that the trial court erred in granting injunctive relief, we decline to address the remaining points raised on appeal. See City of Boynton Beach v. Finizio, 611 So.2d 74, 75 (Fla. 4th DCA 1992); see also Xavier J. Fernandez, P.A. v. Sun Bank of Tampa Bay, 670 So.2d 1106 (Fla. 2d DCA 1996).