IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HAMPTON MANOR, INC., ETC., ET AL.,

      Appellant,

v.                                                                      Case No.  5D12-3568

JOYCE FORTNER,

      Appellee.

_____/

Opinion filed July 11, 2014

Appeal from the Circuit Court
for Marion County,
Jack Singbush, Judge.

Michael E. Rodriguez, of Michael E.
Rodriguez, P.L., Tampa, for Appellant.

Christopher J. Roberts and Joel J.
Ewusiak, of Ewusiak & Roberts, P.A.,
Safety Harbor, for Appellee.


BERGER, J.

      Hampton Manor, Inc., Hampton Manor of Pasco, Inc., Hampton Senior

Management, Inc., Hampton Manor North, LLC (hereinafter, collectively, "Hampton") and

Peder Johnsen, appeal an order for civil contempt, which was entered when the trial court

found that Hampton CEO, Johnsen, had willfully and intentionally failed to prepare the

required Form 1.977 Fact Information Sheet after final judgment was entered in favor of

appellee, Joyce Fortner, on her Whistleblower Act claim. We affirm the order in all respects except for the imposition of the $4,000 fine.

"[T]he primary purpose of a civil contempt proceeding is to compel future compliance with a court order. A civil contempt sanction is coercive in nature and is avoidable through obedience." Chetram v. Singh, 937 So. 2d 716, 718-19 (Fla. 5th DCA 2006) (quoting Gregory v. Rice, 727 So. 2d 251, 253 (Fla. 1999)). "While there is a broad arsenal of coercive civil contempt sanctions available to the trial court, . . . to be a valid civil contempt sanction the contempt order must include a purge provision." Parisi v. Broward Cnty., 769 So. 2d 359, 365 (Fla. 2000) (citing Gregory, 727 So. 2d at 254). "Without this critical protection, there is a danger that the contempt sanction could be transformed from a civil to a criminal contempt sanction without any other underlying procedural protections attendant to criminal proceedings." Id. (citing Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994); Pompey v. Cochran, 685 So. 2d 1007, 1013 (Fla. 4th DCA 1997)). Thus, a fixed fine with no conditions is considered a criminal sanction because the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance. Id.

In the present case, as relates to the imposition of the $4,000 fine, the written contempt order provides:

> Mr. Johnsen may purge this contempt order upon payment of the $4000 fine to the Sheriff for delivery to the Clerk of this court, and the full completion of the four (4) fact information sheets required by the judgment . . . .

However, the transcript of the proceedings before the trial court clearly demonstrates that the $4,000 fine was not intended to be a means by which Johnsen could purge his jail

2

sentence, but rather it was intended to serve as a coercive sanction for failing to complete

Form 1.977. The trial court's oral pronouncement confirms this conclusion:

> The fact information sheets are plain and unambiguous. It's the judgment of the court that that's not all that was required. The forms were not complete. And I order to coerce your performance, which is required, and in the manifest interest of preserving the integrity of the judicial system, the court imposes a fine of $4000 to be payable to the clerk of court.
>
> The court, as a further sanction, will find entitlement to attorney's fees for bringing this action, and will reserve jurisdiction to conduct an evidentiary hearing on that should the parties not agree and payment not be made.
>
> Further, the court believes that the egregiousness of your failure to comply with the court's order mandates that as a further coercive sanction, that you be remanded into the custody of the high sheriff of Marion County, or one of his duly constituted deputies, where you shall be held at the Marion County Jail for a period of 15 days.
>
> You may purge your contempt and be released from incarceration prior to that time upon completion of the forms that were not completed. Notice by your counsel that that has been done will be sufficient.

To the extent there is a conflict between the oral pronouncement and the written order, it is the oral pronouncement that controls. See Romero v. Romero, 916 So. 2d 952, 954 (Fla. 3d DCA 2005) ("Since the written contempt order failed to accurately reflect the circuit court's oral rulings, we reverse and remand to the circuit court."); Xavier J. Fernandez, P.A. v. Sun Bank of Tampa Bay, 670 So. 2d 1106, 1107 (Fla. 2d DCA 1996) ("Reversal is required where the final judgment is inconsistent with the trial court's oral pronouncements.").

3

Although the trial court has the discretion to impose a $4,000 fine as a coercive sanction, it was required to provide Johnsen with an opportunity to purge the fine by fully completing the Form 1.977 Fact Information Sheet for each Hampton entity. Because the fine imposed was fixed and unconditional, we agree with Hampton that it was not coercive, but rather punitive, and improperly transformed the fine from a civil contempt sanction to a criminal contempt sanction. See Parisi, 769 So. 2d at 365. This was error.

Accordingly, we reverse the order of civil contempt as it relates to the payment of the $4,000 fine and direct the trial court to refund the fine upon completion of the disclosure forms. Additionally, on remand, the written order shall accurately reflect the trial court's oral pronouncements, including a provision allowing the fine to be purged upon completion of the forms.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

TORPY, C.J., and SAWAYA, J., concur.