# Third District Court of Appeal
## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1120
Lower Tribunal No. 22-4658
_____


**5051 NW 37 Avenue Corp., et al.,**
Appellants,

vs.

**IES Sales and Service, LLC, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Darius Asly, for appellants.

Craig B. Shapiro, P.A., and Craig B. Shapiro, for appellees.


Before EMAS, SCALES and MILLER, JJ.

EMAS, J.

## INTRODUCTION

This action arises from a commercial lease and the alleged nonpayment of rent. 5051 NW 37 Avenue Corp., and Green 36 LLC (together, "Landlord") challenge the trial court's order denying their motion for immediate default for possession based on the failure of IES Sales and Services LLC, and Osniel Sanchez (together, "Tenant") to timely pay rent into the court's registry as ordered by the trial court.

More specifically, the trial court ordered Tenant to pay monthly rent (of $21,305.22) into the court registry "the first day of each month." The trial court made this oral pronouncement on Wednesday, April 26, 2023, and entered the written order on Thursday, May 4. Tenant paid the full amount due on Thursday, May 11, 2023. Despite Tenant's undisputedly untimely payment, the trial court denied Landlord's motion.

On appeal, Landlord contends the trial court lacked discretion, under section 83.232, Florida Statutes (2023), to deny the motion for immediate default for possession. In response, Tenant contends the statute includes a good cause exception and that there is evidence to support the trial court's exercise of discretion in this case. We reverse and remand for entry of a default and writ of possession, and hold that, under the facts presented, the trial court was without discretion to deny Landlord's motion.

2

## FACTS AND PROCEDURAL BACKGROUND

The relevant facts are largely undisputed: In 2020, Landlord leased its property to Tenant IES Sales and Services, LLC and Osniel Sanchez. On February 11, 2022, Landlord terminated the lease for failure to timely pay rent in October, November and December 2021. Upon a notice declaring the lease terminated, Tenant refused to surrender possession of the premises to Landlord, who filed suit in March 2022 for unpaid rent, damages, and possession of the premises.

In May 2022, Tenant responded to the suit by filing, inter alia, a motion to determine rent and a motion to deposit rent into the court's registry. During the first year the lawsuit remained pending (March 2022-March 2023), Tenant consistently paid rent to the Landlord.

On March 16, 2023, Landlord again served Tenant with a notice declaring the lease terminated and demanding that Tenant surrender possession of the premises by March 31, but on a new basis. This notice of termination was based on Tenant's purported failure to pay additional rent due in the amount of $11,287.24. Such additional rent was based on a pass-

3

through real estate tax apportionment for 2022, as provided for under the terms of the lease.[1]

On March 27, 2023, Landlord filed a third amended complaint alleging Tenant failed to pay the aforementioned additional rent due ($11,287.24). Tenant consistently disputed this amount, arguing the Landlord miscalculated the pass-through real estate tax apportionment for 2022. Tenant also asserted that Landlord terminated the rent Dropbox in April, rendering it impossible to pay the monthly rent. As a result, Tenant "voluntarily" paid the rent due into the court registry.

On April 14, 2023, Landlord moved for default and for default of possession arguing, among other things, that Tenant had "neither raised payment of rent as a defense nor deposited any rent into the court registry," meaning Landlord was entitled to a default judgment for possession. Alternatively, Landlord requested the trial court order Tenant to "deposit monthly rent into the court registry on or before the first day of each month, as set forth in the complaint, pending resolution of this action." Note that at

---

[1] Article 7 of the lease, entitled "Operating Cost Pass Through," provides the basis for the requested "Additional Rent." Article 5.4 further provides: "Tenant agrees to pay Additional Rent upon demand by Landlord. Additional Rent is to be treated in the same manner as Rent hereunder, both in terms of the lien for Rent herein provided and in terms of the default provisions herein contained."

4

this point, there was no such order requiring rent to be paid into the court registry.

On April 26, 2023, the trial court held a hearing on Landlord's motion. Although a transcript of the proceedings is not included in the record on appeal, it is undisputed that at the hearing the court granted Landlord's motion and ordered Tenant to deposit the monthly rent amount of $21,305.22 into the court registry on or before the first day of each month. A week later, on May 4, the trial court entered its written order in accordance with its oral pronouncement:

> The Tenants must deposit twenty-one thousand three hundred five dollars and twenty-two cents ($21,305.22) into the court registry as monthly rent on or before the first day of each month.

The order further noted Tenant's intention "to file a motion to determine rent with regard to the $11,287.24 2022 real estate tax increase alleged as overdue in the complaint . . . ; therefore, that matter will be adjudicated at a later date and may require an evidentiary hearing."

It is undisputed that Tenant did not deposit the rent into the court registry until May 11, 2023—fifteen days after the court's oral pronouncement and seven days after entry of the written order.

On May 16, Landlord filed a "Verified Ex-Parte Motion for Immediate Default for Possession" alleging Tenant failed to pay rent into the court registry as required by the April 26/May 4 order, the trial court lacked discretion to deny their motion under the circumstances, and it was irrelevant that the deposit was ultimately made.

On May 24, 2023, the trial court held a hearing on the underlying motion. During the hearing, Tenant offered the following "explanations" for its failure to deposit rent no later than the first day of the month:

• The written order was entered after the first of the month (May 4), and the rent was deposited shortly thereafter (May 11).

• "This is not an action for nonpayment of rent. . . . The registry only just materialized because the tenant in April voluntarily paid the month, paid rent into the registry of the court because the tenant had no choice. The plaintiffs in an effort to manufacture yet another default closed their rent Dropbox account and we couldn't pay rent. That's why all of a sudden now monies have to be put into the registry of the court. For over a year while this case has been pending, rent has been paid by the tenants to the plaintiff on a timely basis."

• The complaint is fatally defective.

6

Following the hearing, the trial court denied Landlord's motion, and this appeal followed.

**STANDARD OF REVIEW**

Because we are called upon to review the trial court's construction of a statute, our standard of review is de novo. Cauble v. Kaczmarski, 49 Fla. L. Weekly D628, 2024 WL 1183566, at *1 (Fla. 3d DCA Mar. 20, 2024) ("[S]tatutory interpretation is a question of law subject to de novo review.") (quoting GTC, Inc. v. Edgar, 967 So. 2d 781, 785 (Fla. 2007)).

**ANALYSIS AND DISCUSSION**

The parties disagree over the construction and application of section 83.232, Florida Statutes (2023), which provides in pertinent part:

> (1) ***In an action by the landlord which includes a claim for possession of real property***, ***the tenant shall pay into the court registry*** the amount alleged in the complaint as unpaid, or if such amount is contested, such amount as is determined by the court, and ***any rent accruing during the pendency of the action, when due***, unless the tenant has interposed the defense of payment or satisfaction of the rent in the amount the complaint alleges as unpaid. Unless the tenant disputes the amount of accrued rent, the tenant must pay the amount alleged in the complaint into the court registry on or before the date on which his or her answer to the claim for possession is due. ***If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry on the day that the court makes its determination***. ***The court may, however, extend these time periods to allow for later payment, upon good cause shown***. Even though the defense of

payment or satisfaction has been asserted, the court, in its discretion, may order the tenant to pay into the court registry the rent that accrues during the pendency of the action, the time of accrual being as set forth in the lease. If the landlord is in actual danger of loss of the premises or other hardship resulting from the loss of rental income from the premises, the landlord may apply to the court for disbursement of all or part of the funds so held in the court registry.

. . .

(5) ***Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses***. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.

(Emphasis added).

Landlord contends, correctly, that under the circumstances presented, the trial court lacked any discretion under the statute to deny the motion for immediate default for possession upon Tenant's failure to pay rent by either:

- April 26, the date on which the trial court made its determination, and orally pronounced, the amount Tenant was required to pay into the court registry;[2] or

---

[2] As noted earlier, the statute provides: "If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry **on the day that the court makes its determination**." (Emphasis added). One could make a cogent argument that the trial court had already exercised its discretion on April 26, by permitting Tenant to pay rent on May 1 (and the first of every month thereafter), instead of on April 26

8

- May 1, the date established by the court in its April 26 oral pronouncement, by which Tenant was required to pay the rent into the court registry (the order requiring Tenant to pay "$21,305.22 into the court registry as monthly rent on or before the first day of each month.")[3]

It is well established that a trial court has "a non-discretionary, ministerial duty to issue a writ of possession" upon a tenant's failure to pay into the court registry the amount of rent determined by the trial court "regardless of the tenant's reasons for failing to make the deposit." <u>Bimini Props., Inc. v. Puff or Sip Hookah Lounge & Liquor Store, LLC</u>, 343 So. 3d 1249, 1250 (Fla. 3d DCA 2022) ("[I]t is well settled that a trial court has a non-discretionary, ministerial duty to issue a writ of possession under the circumstances set forth in the statute, notwithstanding any equitable arguments on behalf of the tenant" and "regardless of the tenant's reason for failing to make the deposit.") (citing <u>Courthouse Tower, Ltd. v. Manzini & Assocs.</u>, 683 So. 2d 215 (Fla. 3d DCA 1996); <u>Palm Beach Marketplace, LLC</u>

---

(the date that the trial court made its determination of the amount of rent to be paid into the court registry).

[3] We reject Tenant's argument that the April 26 order was not effective until a written order was rendered. <u>See</u> <u>Lazy Flamingo, USA, Inc. v. Greenfield</u>, 834 So. 2d 413, 415 (Fla. 2d DCA 2003) ("A court's oral order is valid and binds the parties even though a written order has not been entered.") (citing <u>Knott v. Knott</u>, 395 So. 2d 1196, 1198 (Fla. 3d DCA 1981)).

v. Aleyda's Mexican Restaurante, Inc., 103 So. 3d 911 (Fla. 4th DCA 2012); and Park Adult Res. Facility, Inc. v. Dan Designs, Inc., 36 So. 3d 811 (Fla. 3d DCA 2010)).

Tenant contends the trial court's decision (denying Landlord's motion for immediate default and possession) was a proper exercise of discretion under the statute; that the trial court had the authority under section 82.232(1) to "extend these time periods to allow for later payment, upon good cause shown," and that there was evidence in the record to support such an exercise of discretion. Such argument is without merit here, because by the date the hearing was held on Landlord's motion for default and possession (May 24, 2023) the court-ordered deadline for Tenant to pay rent into the court registry (May 1, 2023) had already passed. We reject Tenant's proposed construction of the statute to authorize an "extension" of a deadline that's already passed; the statute does not permit a court to grant a tenant additional time to pay rent into the court registry **after** that tenant has already failed to meet the court-ordered deadline:

> Allowing a trial court to grant an extension after the tenant has failed to timely pay pursuant to a court order would render the above-quoted terms in subsection (5) meaningless. Instead of facing an "absolute" waiver of its defenses "without notice or hearing," the tenant would be able to present its defenses, presumably at a hearing, as occurred below here. Instead of the landlord being entitled to an "immediate" default for possession, the landlord would have to wait until the trial court heard the

10

tenant's defenses, all while continuing to be deprived of rent. Such an outcome would contravene clear legislative intent. . . . In sum, *after* a tenant fails to timely pay pursuant to a court order, the court has no discretion other than to enter an immediate default for possession without further notice or hearing thereon.

Blandin v. Bay Porte Condo. Ass'n, Inc., 988 So. 2d 666, 669 (Fla. 4th DCA 2008). See also Ninter Grp. USA, Inc. v. Zenash LLC, 312 So. 3d 82, 85 (Fla. 4th DCA 2021) (May, J., concurring) ("It would seem to me that the facts of this case (a dispute over the amount due, a hurricane, it being unclear whether the tenant received the rent order, the tenant's payment of the previously owed amount, payment of the additional amount within a few days, and an ongoing dispute over who breached the mediated settlement agreement) should allow for equitable relief. But our court has interpreted the provision for extensions of time to be limited to a time frame preceding a court-ordered due date.") (quoting Blandin, 988 So. 2d at 669).

**CONCLUSION**

Because Tenant failed to pay the rent into the court registry "on the day that the court ma[de] its determination," or by the date specified in that court order, the trial court erred in denying Landlord's motion for immediate default for possession, regardless of the purported reason for Tenant's failure to timely pay.[4] Even if the trial court had the discretion under the statute to

_____

[4] We find no merit in the remaining arguments raised by Tenant on appeal.

11

extend this deadline to pay rent into the court registry, section 82.232(1) cannot be read to authorize a trial court to grant such an extension of time <u>after</u> the tenant has already failed to timely pay rent into the registry pursuant to the trial court's order.

We therefore reverse the trial court's order denying Landlord's motion and remand for entry of an immediate default and writ of possession and for further proceedings consistent with this opinion.